### Ex Parte Smith.

There are no presumptions in favor of the jurisdiction of the courts of the United States; but the facts upon which it rests must, in some form, appear in the record of all suits prosecuted before them.

PETITION for a *mandamus* to the Circuit Court of the United States for the Western District of Tennessee.

*Mr. S. P. Walker* and *Mr. Thomas H. Sneed*, for the petitioners.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The relators, citizens of the State of Tennessee, sued Lewis Anderson, also a citizen of that State, Dec. 31, 1873, in the Circuit Court of the United States for the Western District of Tennessee, to recover possession of certain lands in that district to which they claimed title in fee through a certificate of the United States direct tax commissioners, under the "Act for the collection of direct taxes in insurrectionary districts within the United States, and for other purposes," approved June 7, 1862, 12 Stat. 422. The declaration is as follows : —

"The plaintiff sues the defendant to recover the following tract of land, lying in Shelby County, district No. —, and bounded as follows: Lots Nos. two (2), three (3), four (4), and sixteen (16), Cannovan's subdivision, sixty by one hundred and sixty (60 by 160) feet, assessed to W. H. Bowers in 1860, containing ———, of which the plaintiff was possessed, claiming in fee, through a certificate of the United States direct tax commissioners, Jno. B. Rodgers, E. P.

Ferry, and Delino F. Smith, ——, under an act of Congress entitled an act for the collection of direct taxes in insurrectionary districts within the United States, and for other purposes, and the acts amending the same, on the 1st of January, 1865; and after such possession accrued, the defendant, on the first day of December, 1865, entered thereupon, and unlawfully withholds and detains the same, together with $5,000 due for detention thereof." .

Summons was served April 24, 1874, and, June 12, Anderson moved to dismiss the suit for want of jurisdiction, as the parties were all citizens of Tennessee. This motion was granted March 1, 1877; and the value of the property in dispute being, as is alleged, less than $5,000, Smith and Hurst now ask for a *mandamus* requiring the Circuit Court to take jurisdiction, and hear and determine the cause upon its merits.

Jurisdiction is claimed for the Circuit Court under sect. 2 of "An Act further to provide for the collection of duties on imports," approved March 2, 1833, 4 Stat. 632, which provides "that the jurisdiction of the circuit courts of the United States shall extend to all cases, in law or equity, arising under the revenue laws of the United States, for which other provisions are not already made by law."

The facts upon which the jurisdiction of the courts of the United States rests must, in some form, appear in the record of all suits prosecuted before them. To this rule there are no exceptions.

In this case, the jurisdiction is claimed on account of the subject-matter of the action, and not on account of the citizenship of the parties. It was incumbent on the relators, therefore, to show, in their pleadings or otherwise, that this action arose under the revenue laws of the United States. This they failed to do. They do show that they claimed title through such laws, but not that their title in that respect is disputed. For all that appears, Anderson may admit their title, and still contest their right to possession as against him. He may be their tenant, or he may be their grantee. There are no presumptions in favor of the jurisdiction of the courts of the United States.

The suit was therefore properly dismissed, and we cannot compel the Circuit Court to take jurisdiction.

*Petition dismissed.*