PURNELL v. PAGE, Sheriff.

(Circuit Court, E. D. North Carolina. April 28, 1903.)

**1. FEDERAL COURTS — JURISDICTION — TAXATION — INJUNCTION—AMOUNT INVOLVED.**

Under Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 434 [U. S. Comp. St. 1901, p. 508], limiting the jurisdiction of the Circuit Courts of the United States to suits where the matter in dispute, exclusive of interest and costs, exceeds the sum or value of $2,000, such court had no jurisdiction of a suit to restrain the enforcement of a personal state tax amounting only to $80, though the tax constituted a cloud on the complainant's title to realty the value of which exceeded $2,000.

In Equity.

Edw. J. Best and F. H. Busbee, for complainant.
Locke Craig and Watson & Buxton, for defendant.

SIMONTON, Circuit Judge. This is a bill filed by the Honorable Thomas R. Purnell, District Judge of the United States for the Eastern District of North Carolina, in behalf of himself and all other federal officeholders in that state, against the sheriff of Wake county, of that state, praying an injunction. The North Carolina corporation or tax commission, under an act of the Legislature of that state imposing a tax on income, had assessed a tax on the salary of Judge Purnell as District Judge in the sum of 1 per cent. on the said salary; the whole tax assessed being $80. Upon his failure to pay this tax, execution was issued, and placed in the hands of the sheriff of said county. The sheriff, proceeding under said execution, has levied upon property of Judge Purnell amounting in value to several hundred dollars to enforce the payment of this tax, beside which, the lien of the execution clouds the title of realty worth over $5,000. The bill is filed to restrain the sheriff upon the ground that said tax is wholly unconstitutional and void. The illegality of the tax is not the sole ground upon which the injunction is sought. Various equitable considerations are also stated, which must be passed upon, and thus the jurisdiction of the court is sustained. Milwaukee v. Koefler, 116 U. S. 219, 6 Sup. Ct. 372, 29 L. Ed. 612; Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 65; Gulf, etc., R. Co. v. Hewes, 183 U. S. 68, 22 Sup. Ct. 26, 46 L. Ed. 86.

Judge Purnell is an officer of the United States. His court and his office and himself are among the means created by acts of Congress, within the provisions of the Constitution, to carry on the powers vested in the general government. The states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control the operation of such laws, or offices and officers created under them. Van Brocklin v. Tennessee, 117 U. S. 155, 156, 6 Sup. Ct. 670, 29 L. Ed. 845; McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579; Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; Provi-

¶ 1. Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

See Courts, vol. 13, Cent. Dig. § 890.

dence Bank v. Billings, 4 Pet. 514, 7 L. Ed. 939; Weston v. City Council, 2 Pet. 449, 7 L. Ed. 481; Banks v. Mayor, 7 Wall. 16, 19 L. Ed. 57. The same limitation exists as to the taxing power of the United States. "As the states cannot tax the powers, operations, or the property of the United States, nor the means which they employ to carry their powers into execution, so it has been held that the United States have no power under the Constitution to tax the instrumentalities nor the property of the state." Pollock v. Farmers' Loan & Trust Co., 157 U. S. 584, 15 Sup. Ct. 690, 39 L. Ed. 759. The precise point involved in this case was decided by the Supreme Court of the United States in Dobbins v. Commissioners, 16 Pet. 435, 10 L. Ed. 1022. In that case the commissioners of Erie county, Pa., undertook to tax the salary of a captain of a United States revenue cutter under an act prescribing a tax to be paid by all taxable persons, and on all officers and positions of profit, without qualification. In an elaborate opinion, the Supreme Court reversed the judgment of the Supreme Court of Pennsylvania, which had sustained the tax. Among other things, the court says that the act of Congress fixed the compensati⌐ ⌐ this officer, who was one of the means established by Congress to carry out its constitutional powers. The state, by taxing this compensation, diminished the recompense which Congress had determined the officer must have. In this the act of the state conflicted with the law of Congress made in pursuance of the Constitution, the supreme law of the land. Judge Purnell has his salary secured to him, under the Constitution, from any diminution, so long as he remains in office. Article 3, § 1. A fortiori, no state by any act can diminish his compensation. Commonwealth v. Mann, 5 Watts & S. 403. And so, applying the same principle, the Supreme Court, in Collector v. Day, 11 Wall. 113, 20 L. Ed. 122, held that it is not competent for Congress, under the Constitution of the United States, to impose a tax upon the salary of a judicial officer of a state.

It is earnestly contended that the income, only, of Judge Purnell has been assessed. But in estimating his income his salary is included. So it is a direct tax on his salary. If on its receipt he had invested it in any real or personal property, such property could be taxed. But assessing his salary as it comes into his hands as salary is a direct tax on the salary, and a reduction thereof pro tanto.

Whilst, however, there can be no doubt that this attempt to tax the salary of the complainant is invalid and contrary to the Constitution and law of the United States, there is an objection to this bill of a character so formidable that it is doubtful if it can be entertained by this court. This objection is to the jurisdiction of the court, and it is an objection of which the court itself must take notice before it can adjudicate the cause. Morris v. Gilmer, 129 U. S. 315, 9 Sup. Ct. 289, 32 L. Ed. 690; Shreveport v. Cole, 129 U. S. 36, 9 Sup. Ct. 210, 32 L. Ed. 589. This objection is that the amount in controversy is not within the jurisdiction of the court. The act of March 3, 1887, c. 373, § 1, 24 Stat. 552, corrected in 1888 (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 434 [U. S. Comp. St. 1901, p. 508]), declares "that the Circuit Courts of the United States shall

have original cognizance, concurrent with the courts of the several
states, of all suits of a civil nature at common law or in equity where
the matter in dispute exceeds, exclusive of interest and costs, the
sum or value of $2,000, and arising under the Constitution and laws
of the United States or treaties made, or which shall be made, under
their authority." This provision was discussed in United States v.
Sayward, 160 U. S. 493, 16 Sup. Ct. 371, 40 L. Ed. 508. The court
there held that the Circuit Court cannot, under the statute, take
original cognizance of a case arising under the Constitution or laws
of the United States, unless the sum or value of the matter in dis-
pute, exclusive of interest and costs, exceeds $2,000. It is true that
in that case the only question was, did the limitation apply to suits
by the United States? And it was held that it did not apply. But
the conclusion reached was sustained by a comparison of the phrase-
ology used when suits by the United States were provided for, and
the omission to restate these words of limitation which had been
used in the other subdivisions prescribing the jurisdiction of the
Circuit Court. The point, however, was explicitly decided in Fish-
back v. Western Union Telegraph Co., 161 U. S. 99, 16 Sup. Ct.
506, 40 L. Ed. 630. And it was again affirmed in Holt v. Indiana
Manufacturing Co., 176 U. S. 72, 73, 20 Sup. Ct. 273, 44 L. Ed. 374.
"The difficulty," says the court, "is that the pecuniary limitation of
over $2,000 applied, and the taxes in question did not make that
amount. And the effect on future taxation of a decision that the
particular taxation is invalid cannot be availed of to add to the sum
or value of the matter in dispute." This case quotes as authority
for this New England Mortgage Co. v. Gay, 145 U. S. 123, 12 Sup.
Ct. 815, 36 L. Ed. 646; Clay Center v. Farmers' Loan & Trust Co.,
145 U. S. 224, 12 Sup. Ct. 817, 36 L. Ed. 685; Citizens' Bank v.
Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451; Walter v. N.
E. R. Co., 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206; Carne v.
Russ, 152 U. S. 250, 14 Sup. Ct. 578, 38 L. Ed. 428. And this con-
clusion was maintained notwithstanding the fact that under operation
of the act of 3d March, 1891, there is no pecuniary limitation on
appeals directly from the Circuit Court to the Supreme Court, un-
der The Paquate Habana, 175 U. S. 677, 20 Sup. Ct. 290, 44 L. Ed.
320. Evidently this means that, when the jurisdiction of the Circuit
Court is in question, the act of 1887–88 is still unrepealed, and fixes
the law. The amount of the taxes in this case is $80, and from this
case it would appear that this is the amount in controversy. It is
charged that a cloud has been created on the title of property largely
exceeding this amount, and perhaps greater in value than $2,000,
but this will not affect the question. In Ross v. Prentiss, 3 How.
772, 11 L. Ed. 824, the court says:

"The motion to dismiss the appeal is resisted by the appellant, who insists
that the jurisdiction depends on the value of the property on which the execu-
tion has been laid, and the amount of appellant's interest in it, and, as the
property is worth much more than the sum required to give jurisdiction, he
has the right to appeal to this court from the decree of the Circuit Court, be-
cause he may lose the whole benefit of his property by a forced sale. We
think otherwise. The only matter in controversy is the amount claimed in the
execution. The dispute is whether the property in question is liable to be

charged with it, or not. The jurisdiction does not depend upon the amount of any contingent loss or damage which one of the parties may sustain by a decision against him, but upon the amount in dispute between them, and, as that amount in this case is below $2,000, the appeal must be dismissed."

With a clear conviction that the action of the sheriff in this matter is entirely invalid, I have reached reluctantly the conclusion that the court is without jurisdiction to offer the relief asked. The bill, therefore, must be dismissed, but without prejudice to the right of the complainant to seek his remedy in any other tribunal. Nothing is now decided, except that the case does not come within the limited jurisdiction of this court.