COULTER, Auditor, v. FARGO (two cases).

(Circuit Court of Appeals, Sixth Circuit. February 13, 1904.)

Nos. 1,225, 1,226.

1. TAXATION—INJUNCTION—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

Where, in suit to restrain the enforcement of a franchise tax against a corporation amounting to about $3,000, it was averred that $1,117.04 of such amount was claimed by the state and the balance by the counties, cities, and towns for local purposes, and the bill was not sustainable in so far as it affected the amount claimed by the state on the ground that the suit was really against the state, which could not be sued without its consent, the amount of the tax in controversy which remained was insufficient to confer jurisdiction on the federal courts.

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky.

John W. Ray, for appellant.

Lawrence Maxwell, Jr., for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This case involves an assessment made upon the alleged franchise of the American Express Company under section 4078 et seq. of the Kentucky Statutes, being the act of November 11, 1892, passed by the General Assembly of Kentucky. This case was heard together with Coulter, Auditor, v. Weir, President of the Adams Express Co., 127 Fed. 897, which involved the same questions arising upon an assessment under the same law against the Adams Express Company. The aggregate of taxes assessed and about to be

¶ 1. Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

assessed by the state for state purposes, and by the counties, cities, and towns for local purposes, is averred to be about $3,000, of which it is averred $1,117.04 is claimed by the state. It is also averred that the difference between the tax assessable upon the valuation complained of and the valuation of the company's capital in Kentucky as submitted and stated by it will amount to more than $2,000. It thus appears that the jurisdictional amount essential to give the Circuit Court jurisdiction is only attained by aggregating the taxes claimed by the state with the taxes for local purposes in case the defendant is permitted to certify the assessment to the county clerks for purposes of local assessment. It has been objected that the taxes claimed by the state cannot be added to those claimed by local municipalities for the purpose of obtaining the necessary jurisdictional amount, and the cases of Walter v. Northeastern Railroad Co., 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206, and Fishback v. W. U. Tel. Co., 161 U. S. 96, 16 Sup. Ct. 506, 40 L. Ed. 630, have been cited. The real jurisdictional difficulty lies in the fact that the bill will not lie in respect of the tax claimed by the state. The valuation and assessment for state purposes was complete when the bill was filed. The tax due the state was then due and payable into the treasury of the state. The defendant, as auditor, was charged with no further duty in respect to the state tax, and had no power to coerce its payment. As we had occasion to decide in Coulter v. Weir, the law of Kentucky provides no summary process for the collection of this tax so far as it is due to the state, and the only remedy for its collection is by a suit in the name of the state, brought by the state's attorney general. To enjoin the defendant from collecting the tax so assessed would be idle, inasmuch as he has no control over the suit necessary for its enforcement, even if it were competent to enjoin the state or its officers from bringing a suit for such a purpose. Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535; Arbuckle v. Blackburn, 113 Fed. 616, 51 C. C. A. 122. The suit, therefore, though nominally against the defendant, Coulter, is in effect a suit against the state so far as it sought to annul or enjoin the enforcement of the tax assessed for state purposes. Inasmuch as the suit cannot be maintained in respect to the tax due the state, the requisite amount to give a federal court jurisdiction cannot be made by aggregating the tax claimed by the state and that claimed by other taxing municipalities. In other words, the court did not have jurisdiction, because the matter in dispute did not exceed in value the sum of $2,000, unless it had jurisdiction over the tax due to the state as well as that due to the counties, cities, and towns. It follows that this bill should have been dismissed so far as relief was sought in respect of the tax due the state of Kentucky, because it was really a suit against the state, which was an objection made by demurrer and raised by the answer. Fishback v. W. U. Tel. Co., 161 U. S. 96, 16 Sup. Ct. 506, 40 L. Ed. 630. This left the suit unmaintainable for the other purposes of the bill because the necessary jurisdictional amount was not involved. The appellee will pay all the costs.

The same result must follow in Coulter v. Fargo (docket No. 1,226), involving the taxes for 1898, and a like decree will be drawn in that case.