TURNER, Tax Collector, v. JACKSON LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit. March 24, 1908.)

No. 1,693.

1. COURTS—FEDERAL COURTS—JURISDICTIONAL FACTS—RECORD.
    The facts on which the jurisdiction of the courts of the United States rest must appear in the record of all suits prosecuted before them.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 816-818.]

2. SAME—AMOUNT IN CONTROVERSY.
    Act Cong. Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], provides that the Circuit Courts shall have original cognizance of all suits of a civil nature where the matter in dispute exceeds the sum or value of $2,000, exclusive of interest and costs, and arising under the statutes or laws of the United States, or in which there shall be a controversy between citizens of different states, etc. Held, that the Circuit Court is without jurisdiction unless the matter in dispute, exclusive of interest and costs, exceeds the sum or value of $2,000, whether jurisdiction is based on diverse citizenship or a controversy arising under the Constitution or laws of the United States.
    [Ed. Note.—Jurisdiction of Circuit Courts as dependent on amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

3. SAME—NATURE OF ACTION.
    Where suit was brought against a tax collector alone to enjoin the collection of certain taxes amounting to $1,724.24, on the ground that such taxes were illegal and in violation of complainant's constitutional rights, and an amended bill was filed after sale of the land for taxes, but while it was still subject to redemption for $1,857.51, alleging that such sale cast a cloud on complainant's title, the bill was not one to remove a cloud on title, but to enjoin the taxes, the amount of which, and not the

value of the land, constituted the amount in controversy; and, this being under $2,000, the suit was not within the jurisdiction of the federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 890–896.]

Appeal from the Circuit Court of the United States for the Northern District of Florida

S. K. Gillis (W. H. Ellis, on the brief), for appellant.
Wm. W. Flournoy, for appellee.

Before McCORMICK and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is a suit by the Jackson Lumber Company, a corporation chartered under the laws of Alabama, against Charles F. Turner, tax collector for Walton county, Fla., "with his residence" in the state of Florida. The bill avers that the complainant returned its real estate for taxes for the year 1904, valuing it at $79,834; that the tax assessor unlawfully increased the value of the land by the sum of $37,238; that this increase in value is illegal, and was made without notice to the complainant. It is alleged that such increase of value and taxes is "contrary to the right of your complainant, and is in violation of both the Constitution and statutes of the United States and the state of Florida." The procedure was also alleged to be in violation of the due process clause of the Fourteenth amendment. The bill alleged a tender of $1,221.59 admitted to be due for taxes for the year 1904. This money was paid into court; but is was subsequently, by leave of the court, withdrawn by the complainant. It is further alleged that the defendant had advertised the land for sale on July 3, 1904, for the taxes, and that the sale would cast a cloud "upon the title of your complainant to said real estate, the value of which is more than $2,000." In the amended bill it is alleged that the land was sold pursuant to the advertisement. The amended bill alleges that the "said assessment and the sale made thereupon, although the same is void, will cast a cloud upon the title of your complainant to said real estate, the valuation of which is far more than $2,000." The prayer is that the assessment and sale may be declared void.

The defendant presented various defenses, one of which was that the Circuit Court did not have jurisdiction, because the case did not involve the sum or value of $2,000, exclusive of interest and costs.

The Circuit Court decided in favor of the complainant, and assumed jurisdiction in the case, holding that the Florida statute as to the assessment of taxes is violative of the federal Constitution, which guarantees due process. The court decreed the assessment void, and perpetually enjoined the collection of the taxes.

The defendant appealed to this court, and assigns the decree as error, for the reason that the Circuit Court was without jurisdiction.

The rule is without exception, and has been announced in cases too numerous for citation, that the facts upon which the jurisdiction of the courts of the United States rests must appear in the record of all suits prosecuted before them.

The relevant part of the statute relied on to confer jurisdiction on the Circuit Court in this case provides that the Circuit Courts "shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, * *· * or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. * * *" Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508). If we assume that the averments of the bill are sufficient to show that the complainant corporation is, for the purposes of jurisdiction, a citizen of Alabama, and that the defendant, Turner, is a citizen of Florida, the jurisdiction of the Circuit Court does not appear upon the record as founded on diverse citizenship, unless it is shown "that the matter in dispute exceeds, exclusive of interest and costs," the sum of $2,000. If we assume that the averments of the bill are sufficient to show a suit in equity "arising under the Constitution or laws of the United States," the rule is the same—that the Circuit Court is without jurisdiction unless the matter in dispute, exclusive of interest and costs, exceeds the sum or value of $2,000. Fishback v. W. U. T. Co., 161 U. S. 96, 99, 16 Sup. Ct. 506, 40 L. Ed. 630; U. S. v. Sayward, 160 U. S. 493, 16 Sup. Ct. 371, 40 L. Ed. 508. It follows that the jurisdiction of the Circuit Court in this case, assuming that the averments as to jurisdiction in other respects are sufficient, is dependent on the question as to whether the matter in dispute involves the jurisdictional amount.

The contention of the complainant is that it is the value of the land, the possession and enjoyment of which is threatened and over which the alleged illegal claim extends, that determines the amount in controversy; and, as the bill avers that the land on which the taxes have been levied exceeds in value $2,000, it is contended that this sufficiently shows the jurisdiction of the Circuit Court. The defendant, on the contrary, contends that the question of jurisdiction is dependent on the amount of the taxes sought to be enjoined and claimed to be illegal.

The record shows that the entire amount of taxes levied is $1,774.24, and that the complainant admitted to be due and tendered $1,221.59. The amount of the taxes, therefore, claimed to be illegal and excessive, is $552.65. The record shows that there would have been no suit or controversy, except for the fact that the values of the lands as listed by the complainant were so increased as to enlarge the taxes by the sum of $552.65. The entire amount of the taxes, however, did not reach the jurisdictional amount. The purpose of the litigation is clearly to enjoin and prevent the collection of the taxes—taxes for a sum less than $2,000. It is true that the amended bill avers that the tax collector sold the lands on July 3, 1905, the day before the original bill was filed; but the record shows that they were bought at such sale by J. T. Manning, the agent of the complainant, and that the complainant, on July 14, 1905, applied in writing to the defendant, as tax collector, asking to have the certificate of sale "made out in the

name of Jackson Lumber Company." Even if the certificate had been issued to a purchaser who was a stranger to the complainant, it would have conveyed no title. The certificate issued under the statute is only evidence of the fact of purchase, and by its terms shows that the purchaser would be entitled to a conveyance of the land, should it not be redeemed in two years by the payment of the amount of taxes, with interest at the rate of 25 per cent. per annum. Acts Fla. 1895, p. 34, c. 4322, § 54.

On the day the bill was filed the total amount of the taxes and costs of advertising amounted to only $1,837.51. If it had been bought by a stranger, and not by complainant's agent, it could have been redeemed on the day the bill was filed by paying that sum, a redemption fee of 50 cents, and one day's interest. Acts Fla. 1895, p. 36, c. 4322, § 57.

The bill is filed only against the tax collector. No one is made a party as purchaser or holder of any adverse claim on the land. The bill cannot, therefore, be construed to be one to remove cloud and to cancel an adverse title. The only relief that could be granted under the bill is relief against the defendant tax collector. We therefore construe the bill to be one to enjoin and prevent the enforcement and collection of taxes on the land described.

It may be conceded, as contended by the learned solicitor for the complainant, that in a case to remove cloud from title the value of the land embraced by the suit would fix the jurisdictional amount, and such concession would not control the decision of this case. This, as we have said, is a bill against a tax collector to enjoin the collection or enforcement of a tax, and it appears from the record that the tax in question is less than $2,000. In such case it has been repeatedly held by the Supreme Court that the Circuit Court has no jurisdiction, because the amount of the tax, and not the value of the land, is the sum or value in controversy. Fishback v. W. U. T. Co., 161 U. S. 96, 16 Sup. Ct. 506, 40 L. Ed. 630; N. P. R. Co. v. Walker, 148 U. S. 391, 13 Sup. Ct. 650, 37 L. Ed. 494; Walter v. N. E. R. Co., 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206; Citizens' Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451.

For want of jurisdiction in the Circuit Court the decree of that court is reversed, and the cause remanded, with instructions to dismiss the bill.