WICHITA COUNTY IMPROVEMENT DIST.
v. WESTERN UNION TELEGRAPH
CO.

District Court, N. D. Texas, Wichita Falls
Division. December 12, 1927.

No. 230.

1. Courts ⚖️328(2)—Effect of decision on amount of defendant's taxes for other years cannot increase amount involved for jurisdictional purposes.

Effect of decision on amount of defendant's taxes for other years cannot increase amount involved for jurisdictional purposes.

2. Removal of causes ⚖️75—Allegation that property on which it is sought to foreclose lien for taxes was assessed at more than $3,000 does not make cause removable, where amount sought to be recovered is less.

In a suit to recover taxes in amount less than $3,000 and to enforce a lien therefor, an allegation that the property was assessed at a certain value in excess of $3,000 held not to give a federal court jurisdiction on removal.

In Equity. Suit by the Wichita County Improvement District against the Western Union Telegraph Company. On motion to remand to state court. Granted.

Raymond Myers, of Wichita Falls, Tex., for the motion.

William H. Flippen and John T. Gano, both of Dallas, Tex., opposed.

ATWELL, District Judge. The plaintiff contends that the cause should be remanded, since the amount in controversy is less than $3,000. The defendant answers that the personal property upon which a foreclosure is sought is of the value of $16,000, as evidenced by the plaintiff's petition. The solution would be simple if the defendant's contention were true, as the plaintiff's statement of its own case is determinative, in most instances, of the jurisdiction of the United States court, Devine v. Los Angeles, 202 U. S. 313, 26 S. Ct. 652, 50 L. Ed. 1046; New Jersey Central v. Mills, 113 U. S. 257, 5 S. Ct. 456, 28 L. Ed. 949. One exception to this rule is that, if the plaintiff's petition in the state court does not show the defendant to be a nonresident, and if such fact exists, the defendant may plead and remove. Texas & Pac. v. Cody, 166 U. S. 606, 17 S. Ct. 703, 41 L. Ed. 1132; Bundick v. New York, P. & N. R. Co. (D. C.) 17 F.(2d) 487. [1] Concededly the present case seeks to recover less than $3,000. The defendant contends that the plaintiff seeks a foreclosure upon certain personal property which is of a very much greater value than $3,000. It also

contends that a decision in this case will affect the amount of the defendant's taxes for coming years. The effect upon taxes for other years cannot be availed in fixing the amount involved. Holt v. Indiana Mfg. Co., 176 U. S. 68, 20 S. Ct. 272, 44 L. Ed. 374; New England Mortgage Co. v. Gay, 145 U. S. 123, 12 S. Ct. 815, 36 L. Ed. 646; Risty v. C., R. I. & P. Ry. Co. (C. C. A.) 297 F. 710. The rule that a suit to enforce a lien upon personal property will get its jurisdictional complexion from the value of the property, and not from the amount of the debt (T. & N. O. Ry. Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815) is of no advantage in the present case. This rule does not apply when the lien is a general one under a statute. In such cases the amount of the debt fixes the jurisdiction. Childress v. Wood, 111 Tex. 165, 230 S. W. 143; Kipp v. Auglin (Tex. Civ. App.) 270 S. W. 893.

[2] The plaintiff's petition clearly asks for an amount below the jurisdiction of this court. It merely shows in its petition that this amount arises from property assessed at certain values. There is no direct allegation that the property involved is of the assessed valuation. The petition does not make any such claim. Such fact may not be inferred. The allegation must be direct and certain. Statements or pleadings from the defendant of the value are of no benefit to the court. Nor do the holdings of the courts on cases where the taxpayer seeks to enjoin a tax collection upon the ground that the entire issue is invalid, and that the total amount of collections from the taxpayer during succeeding years will exceed the jurisdictional amount in United States cases, help the defendant here. Such cases as Colvin v. Jacksonville, 158 U. S. 456, 15 S. Ct. 866, 39 L. Ed. 1053; Hunt v. New York Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821; Elliott v. Gas Co. (C. C. A.) 4 F.(2d) 497; Johnston v. Pittsburg (C. C.) 106 F. 753; Hutchinson v. Beckham (C. C. A.) 118 F. 399—are not authorities upon the issue here. They relate to the finding of the amount in controversy upon the direct averment of the plaintiff, who seeks relief for the protection of some right of an alleged value. When taxes would be enjoined, the amount of the taxes controls, and not the value of the property. Fishback v. W. U. Tel. Co., 161 U. S. 96, 16 S. Ct. 506, 40 L. Ed. 630; Linehan Ry. Co. v. Pendergrass (C. C. A.) 70 F. 1.

It follows that the cause must be remanded.