## CITY OF PAWHUSKA, OKL., ex rel. GRAHAM v. MIDLAND VALLEY R. CO.

Circuit Court of Appeals, Eighth Circuit. June 10, 1929.

No. 8304.

N. C. Orr, of Tulsa, Okl. (Allen, Underwood & Smith and Sam S. Canterbury, all of Tulsa, Okl., on the brief), for appellant.

O. E. Swan, of Muskogee, Okl. (James D. Gibson, of Muskogee, Okl., on the brief), for appellee.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

LEWIS, Circuit Judge. This suit was brought in the name of the city on relation of an owner of a $500 bond issued by the city, which by its terms is payable only out of benefits which had been assessed against lots and parcels of land in Street Improvement District No. 18. The procedure by which a city may create improvement districts for permanent improvement of its streets and other public places and assess the cost as a special tax against the property therein is fully prescribed by the Act of March 23, 1923, Oklahoma Laws (Laws 1923, c. 173). The City of Pawhuska passed a resolution which purported to create District No. 18. It ascertained the cost of the contemplated improvements, appointed appraisers to apportion them as benefits to the property abutting on each side of the street and later, on February 11, 1924, passed an ordinance assessing the property with the amounts so apportioned as special benefits. Against one parcel of land owned by defendant, appellee here, it levied and assessed $4,241.25, and against another parcel owned by defendant it levied and assessed $1,891.17. Under the ordinance any property owner might pay within thirty days from the date the ordinance was published the whole of the assessment against his property. As to those who failed to pay in that way, the amounts levied and assessed against their property were to be paid in ten equal annual installments, the ordinance providing in that respect:

"That the assessments hereby levied against said several lots, pieces and parcels of land, shall bear interest from the date of the passage of this ordinance, at the rate of seven (7) per cent. per annum and said assessments shall be payable in ten equal annual installments, the first of such installments, with interest to that date on the whole assessment, shall be payable, on or before the first day of September, 1924, and one installment thereof, with interest on the whole amount remaining unpaid to said dates, respectively, shall be payable on or before the first day of September of each of the years 1924 to 1933, inclusive."

Interest-bearing bonds were issued by the city against the deferred payments.

This suit was instituted October 18, 1926,

in the state district court, pursuant to said Act of March 23, 1923, one section thereof reading thus:

"Any holder of any street improvement bond issued under the provisions of this Act shall have the right to institute, in the name of the city or town, issuing such bond, an action in the district court of the county in which said property is located to foreclose the lien of such assessment whenever such assessment is delinquent at least for a period of twelve (12) months, stating in said petition generally the ownership of such bond, describing the property assessed, the nature of the improvement, the amount of the unpaid delinquent assessment and penalty thereon at the rate of twelve (12%) per cent. per annum, and praying for the foreclosure of such lien. Summons shall be issued on such petition as in other civil actions and the cause tried by said district court. Judgment may be entered thereon for the amount of such unpaid assessment, together with interest thereon at the rate of twelve (12%) per cent. per annum from the date said assessment was due and payable up to the time of the institution of such action and for the sum of six (6%) per cent. interest on said judgment from the time of the institution of such action until said judgment is paid. In the event said judgment, together with interest and costs, is not paid within six (6) months after the date of the rendition thereof, an order of sale shall issue by the clerk of said court, directed to the sheriff of the county to sell said real estate in manner and form as in case of sale of real estate under execution. Such judgment shall carry the costs of such action, together with the costs of such sale; and upon the payment of such judgment, the amount thereof, exclusive of such costs shall be paid to the city or town treasurer and become a part of the separate, special fund to pay such outstanding bonds and interest thereon. Such judgment shall provide for the sale of said real estate subject to existing general or ad valorem taxes and special assessments. All owners or encumbrancers shall be made parties defendant in such suit. Upon the institution of an action to collect delinquent and unpaid assessments in any paving district against property liable therefor, no other or further action shall be instituted and maintained to collect such delinquent assessment against said property for said year." Section 29.

The complaint embodied the assessing ordinance by reference, and alleged among other things, that defendant was the owner of the two parcels, describing them, and that they were assessed with the amounts above stated, that it was in default in payment of installments of $424.13 and $189.17 (being respectively one-tenth of the total of the two assessments), which became due serially September 1, 1924, 1925, and 1926. It asked for judgment for the amount of said six installments, interest as provided in the assessing ordinance, and the twelve per cent. penalty provided in the Act of March 23, 1923, for the benefit of the separate special fund out of which the street improvement bonds are to be paid, for foreclosure of the lien against said property of defendant and that the same be sold in satisfaction.

Defendant caused the case to be removed to the court below on the ground of diverse citizenship and that it presented a controversy involving more than $3,000, exclusive of interest and costs.

The defendant answered and the case went to trial on its merits, whereupon the bill was dismissed.

Counsel for appellant call our attention to the question of jurisdiction and briefs have been submitted on that point since the argument.

The answer alleged that the assessment of $1,891.17 had been paid in full, and the proof at the trial showed that it was paid on May 13, 1924, but we put that aside and determine the question of jurisdiction on the facts as they are alleged in the complaint touching the amount of the matter in controversy.

We think it plain that seven per cent. on the total assessment for the first year, and thereafter on that sum less the installments theretofore paid, required by the ordinance, must be regarded as interest within the meaning of the jurisdictional section. U. S. Code, tit. 28, § 41, cl. 1 (28 USCA § 41(1). It was compensation fixed by ordinance for detention of money by the owners of property assessed. There was an option to pay the whole assessment without interest, or in deferred payments with interest. In the latter contingency the purchasers of bonds advanced the money for present payment and the interest on the assessments was to be collected by the city in their behalf. The interest was not a separate and independent liability but attached subordinately to the liability on the assessments; or, as said in Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155, "accessory" to that demand. Nor is the value of the property on which the

assessments are a lien material to the inquiry, Gibson v. Shufeldt, 122 U. S. 27, 7 S. Ct. 1066, 30 L. Ed. 1083; nor is the collateral effect of a judgment in this case in a subsequent suit between the same or other parties material. Elgin v. Marshall, 106 U. S. 578, 1 S. Ct. 484, 27 L. Ed. 249; Elliott v. Empire Natural Gas Co. (C. C. A.) 4 F.(2d) 493. If we take the twelve per cent. penalty on the six installments as not included within the term "interest" and calculate it according to the statute we have. this result; six installments in default $1,-839.89, penalties thereon $249.60, a total sum as the matter in controversy of $2,089.-49. The court did not have jurisdiction over the controversy, and the merits cannot be considered.

The judgment on the merits will be reversed, with directions to vacate it and remand the case to the state court.