666

## DELAWARE CONSOL. OIL CO. v. RANDALL et al.

District Court, N. D. Oklahoma. September 16, 1929.

No. 481.

Alvin Richards and Floyd A. Calvert, both of Tulsa, Okl., for complainant.

Leslie Coffman, of Nowata, Okl., and W. A. Chase, of Tulsa, Okl., for respondents.

KENNAMER, District Judge. The complainant, the Delaware Consolidated Oil Company, seeks to restrain the respondent Max W. Randall, holder of a tax certificate, from obtaining a tax deed from the county treasurer of Nowata county, Oklahoma.

The complainant is a corporation organized and existing under the laws of the state of Delaware and authorized and licensed to do business in the state of Oklahoma, and is the owner of an oil and gas mining lease covering 110 acres of land located in Nowata county, Oklahoma. According to the allegations of the complainant's bill, it is engaged in the production of oil and gas upon the lands involved in the action, and has a daily production of more than 20 barrels of oil. It has paid the gross production tax to the state auditor of the state of Oklahoma, in compliance with section 9814, Compiled Oklahoma Statutes 1921, Annotated, and the leasehold estate of the complainant is not liable for the ad valorem taxes sought to be collected by the county treasurer of Nowata county. The complainant's bill alleges that the property and amount involved in this suit exceed the sum of $3,000, exclusive of interest and cost.

The respondents have filed a motion to dismiss complainant's bill, upon the ground that the amount in controversy is not within the jurisdiction of this court, and other grounds not necessary to be considered.

■■ The question presented for determination is whether this court has jurisdiction of the cause. It was agreed by counsel for the respective parties, on the presentation of the motion to dismiss, that the amount of the tax sought to be collected by the county treasurer of Nowata county does not exceed $800.

In view of this admission of counsel, I am clearly of the opinion that this court is without jurisdiction of the case. It is obvious, from the allegations of the complainant's bill and, the admission made, that there is only involved in this cause the right of the county treasurer to subject to the payment of the ad valorem taxes assessed under the laws of the state of Oklahoma the land in which the complainants have a leasehold interest, below the amount necessary to give this court jurisdiction. It may be, as contended by counsel for complainant, although it is not necessary to be determined here, that the leasehold interest of the complainant in the realty is not subject to the ad valorem tax assessed against the land; but it is not the value of the land which the county treasurer seeks to subject to the payment of the tax that controls the jurisdiction of this court, but it is the amount of the tax. This is true, for the reason the county treasurer is not by the tax proceeding attempting to deprive the complainant of any interest it may have in the realty, but the legal effect of the county treasurer's tax proceeding is to subject the entire estate in the land to the payment of the taxes assessed against it. If the complainant is unsuccessful in the action, the only legal effect of the decree would be to subject its land to the payment of a tax assessed at $800.

Counsel for the complainant have called my attention to the case of Ogden City v. Armstrong, 168 U. S. 224, 18 S. Ct. 98, 42 L. Ed. 444. It appears, from a considera-

tion of this case, counsel for the complainant have overlooked the fact that the court dismissed the appeal of all the appellants but one, for the reason the amount of the taxes assessed against them was below the jurisdictional amount necessary to confer jurisdiction upon the court, and only considered the case as to the one appellant against whom an assessment of $5,000 had been made. However, the court discussed generally the questions of law presented, but the effect of the opinion was directed only to the one appellant, whose assessment was within the jurisdictional amount required. It is well settled that equity will relieve against a cloud upon the title to property caused by illegal taxation. But the amount to confer jurisdiction upon federal courts is the same in equity as in law.

Berryman v. Whitman College, 222 U. S. 344, 32 S. Ct. 147, 148, 56 L. Ed. 225, is relied upon by complainant to sustain the jurisdiction of this court. In this case state taxing authorities assessed for taxation property of a college which had been chartered under an act of the Legislature exempting its property from taxation. The action was to enjoin the collection of the tax. "The bill contained no averment of diversity of citizenship, and exclusively invoked the authority of the court below upon the ground of the existence of a perpetual contract right of exemption from taxation created by the 6th section of the act of 1883, and the impairment of such contract by the assessment and levy of the taxes in question."

It is clear the jurisdiction of the court in this case was sustained for the reason that the relief sought was the enforcement of a contract exemption, which contract right exceeded in value the jurisdictional amount. In the case before the court no contract right is involved. Jurisdiction is invoked upon diversity of citizenship, which requires $3,000, which amount is not involved.

In the case of Gibson v. Shufeldt, 122 U. S. 27, 7 S. Ct. 1066, 1067, 30 L. Ed. 1083, the court speaking through Mr. Justice Gray said:

"The value of the property sued for is not always the matter in dispute: In replevin, for instance, if the action is brought as a means of trying the title to property, the value of the property replevied is the matter in dispute; but, if the replevin is of property distrained for rent, the amount for which avowry is made is the real matter in dispute, and the limit of jurisdiction.

Peyton v. Robertson, 9 Wheat. 527 [6 L Ed. 151].

"When the object of a suit is to apply property worth more to the payment of a debt for less than the jurisdictional amount, it is the amount of the debt, and not the value of the property, that determines the jurisdiction of this court. This is well illustrated by two cases, in one of which the appeal was taken by the creditor, and in the other by a mortgagee of the property."

See Fishback v. Western Union Telegraph Company, 161 U. S. 96, 16 S. Ct. 506, 40 L. Ed. 630; Purnell v. Page (C. C.) 128 F. 496; Citizens' Bank v. Canon, 164 U. S. 319, 17 S. Ct. 89, 41 L. Ed. 451; Russell v. Stansell, 105 U. S. 303, 26 L. Ed. 989; City of Pawhuska, Okl., a Municipal Corporation, ex rel. J. B. Graham, v. Midland Valley Railroad Company, 33 F.(2d) 487 (8 C. C. A.); Ogden City v. Armstrong, 168 U. S. 224, 18 S. Ct. 98, 42 L. Ed. 444.

The motion to dismiss for want of jurisdiction should be sustained. It is so ordered.