## LUCAS et al. v. CITY OF CHARLOTTE, N. C., et al.

District Court, W. D. North Carolina.
March 30, 1936.

The plaintiffs and the defendants agree that the facts presented in this petition can be found by the court as follows:

164

1. That plaintiffs are citizens of the state of Minnesota and are engaged in the business of photography with their established place of business located in the city of St. Paul.

2. That the defendant, city of Charlotte, is a North Carolina municipal corporation, and the defendant, E. D. Pittman, is chief of police thereof. That J. C. Reid is deputy commissioner of revenue of North Carolina, and that Leonard C. Cooke is a member of the board of photographic examiners of the state of North Carolina, and that J. W. Stinson is tax collector of Mecklenburg county; N. C.

3. That the plaintiffs in the conduct of their business have sent representatives or solicitors into the state of North Carolina to obtain orders for portraits in accordance with the terms set out in the coupon hereto attached.

pon at the time and place stated thereon, pays the balance to the representative making the negative, and the negatives are sent by United States mail to the home studio in St. Paul, Minn., where they are developed and proofs made therefrom. That every act up to and including the mailing of the negatives to the home studio in St. Paul, Minn., to be developed, finished, and mounted (where coupon provides for mounting), takes place in the city of Charlotte, county of Mecklenburg, state of North Carolina. The developing of the negative, manufacturing of the finished picture, all acts incident thereunder, including the mounting of the finished pictures, if coupon provides for mounting, are done at the home studio in St. Paul, Minn. When the proofs are made in St. Paul, Minn, from the negatives, they are then sent by mail to the representative of the plaintiffs in the city of Charlotte, N.

Sittings taken only on date specified on certificate

4. That the plaintiffs have commenced to solicit business in the city of Charlotte, N. C., by sending a number of their solicitors into the city of Charlotte and expect to continue their business by having the solicitors contact prospects and sell a coupon, similar to the one attached, to the prospect for a stated sum, the solicitor collects a part of the sales price in accordance with the terms of the coupon and delivers the coupon, which states thereon the time and place the customer is to have his picture taken and stating the amount to be paid as a balance. The customer presents his cou-

C., where they are exhibited to the customer for his selection and choice of proof to have made into a photograph. Thereupon the selected proof is mailed back from Charlotte, N. C., to St. Paul, Minn., at which place the picture is finished and shipped through the United States mail back to the customer. The negatives are retained by the plaintiff in St. Paul, Minn. That the coupon attached is similar to the one being sold in Charlotte.

5. That section 109, chapter 371, Public Laws of the state of North Carolina 1935, was enacted and is still in force as set out

in paragraph 5 of the bill in equity. That an ordinance has been passed by the city of Charlotte exactly like the ordinance set out in paragraph 6 of the bill filed in this cause. That chapter 155, Public Laws of the state of North Carolina 1935, was enacted and is now a state law exactly like the law set out in paragraph 7 of the bill in equity.

6. That the plaintiffs have not paid the city of Charlotte the license tax required and have not complied with any of the requirements of the city of Charlotte as outlined in the ordinance in the bill in this cause. That the plaintiffs have not paid the county of Mecklenburg the license tax required by the statute set out in the bill in this cause. That the plaintiffs have not paid the state of North Carolina the license tax required by the law set out in the bill in this cause. That the plaintiffs have not complied with the requirements of the board of photographic examiners of the state of North Carolina as set out in the law referred to in the petition.

The attorneys agree to the foregoing statement of facts.

J. L. De Laney, of Charlotte, N. C., for plaintiffs.

T. Wade Bruton, Asst. Atty. Gen., for J. C. Reid.

Robert A. Wellons, of Charlotte, N. C., for Leonard C. Cooke.

Henry E. Fisher, of Charlotte, N. C., for J. W. Stinson and Mecklenburg County.

WEBB, District Judge.

This cause came on before me upon an order which I issued to the respondents, requiring them to show cause why an injunction should not be issued against them, enjoining the collection of the alleged unlawful tax. I have heard argument in the case and oral statements from counsel and have considered the exhibits and the agreed statement of facts.

The complainants are seeking to obtain an injunction against the enforcement of chapter 371, section 109, Public Laws 1935, which imposes a license tax upon photographers, the pertinent part of which statute is as follows: "Every practising attorney at law, practising physician, * * * optometrist, * * * engineer, * * * photographer, canvasser for any photographer, agent of a photographer in transmitting pictures or photographs to be copied * * * shall apply for and obtain from the Commissioner of Revenue a State-wide license for the privilege of engaging in such business or profession, or the doing of the act named, and shall pay for such license twenty-five dollars ($25.-00)."

The statute also gives to each county and city in the state the privilege of levying a similar tax upon photographers. It seems that the city of Charlotte has levied such a tax, and also the county of Mecklenburg has levied a similar tax.

The complainants allege that the statute is unconstitutional, for the reason that it violates the commerce clause of the Constitution of the United States (article 1, § 8, cl. 3); that it is discriminatory against nonresidents of this state; that it deprives the complainants of property without due process of law, and denies them the equal protection of the law.

At the outset I am confronted with the question of my jurisdiction, or the question of whether the United States District Court for the Western District of North Carolina may entertain this suit upon the bill of complaint and the facts admitted.

No principle of law is better established than the one that there are no presumptions in favor of the jurisdiction of the courts of the United States; but the facts upon which their jurisdiction rests must in some form appear in the record of all suits prosecuted before them. Ex parte Smith, 94 U.S. 455, 24 L.Ed. 165. Nowhere in the bill do the necessary jurisdictional averments appear. The bill does set forth that the complainants are nonresidents, being residents of the city of Saint Paul, Minn., and that the respondents are residents of the state of North Carolina. There is no averment in the bill as to the amount in controversy, and no averment that the amount in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. I think the failure to make this averment is fatal to the complainants' right to maintain the action. I know of no law or decision that will permit me to take jurisdiction of an action of this character where the amount in controversy does not exceed $3,000, exclusive of interest and costs.

Not only does the bill fail to make this vital averment, but the facts in the case and admissions by counsel show that in the immediate case only $75 is involved, to wit, a $25 tax claimed by the state, a $25 tax claimed by the county of Mecklenburg, and a $25 tax claimed by the city of Charlotte.

There is no allegation as to the value of the complainants' business in Mecklenburg county and no allegation of irreparable injury or damage.

One of the leading cases, which seems to me to be on all fours with the one I am now considering, is that of Fishback v. Western Union Telegraph Co., 161 U.S. 96, 16 S.Ct. 506, 40 L.Ed. 630. I quote from the syllabus:

"A Circuit Court of the United States [now District Court] has no jurisdiction of a bill to enjoin the collection of separate county taxes by separate county officers, in the State of Arkansas * * * when the amount of the tax in no one of the counties reaches the sum of two thousand dollars [now $3000]."

"Where jurisdiction is based on diverse citizenship, the matter in controversy must appear by distinct averment on face of the bill, or otherwise from proof, to exceed $3,000." Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817.

For the failure of complainants to allege the necessary jurisdictional amount, and from the clear understanding and agreement that no such amount can be alleged with truth, I am constrained to dismiss the bill.

■ I think there is a further defect in the complainants' bill, because they have joined in this action, as respondents, agents of four separate and distinct corporate units, to wit: The city of Charlotte, the deputy commissioner of revenue of North Carolina, a member of the board of photographic examiners for the state of North Carolina, and the tax collector of Mecklenburg county. The complainants may have a just grievance against each respondent individually, but I do not think they are entitled to unite them all four as respondents in one bill in this court. Indeed, in the case of Fishback v. Western Union Telegraph Co., referred to above, the court says: "This result is not affected by the fact that if the county assessments were aggregated they would exceed two thousand dollars, as the several county clerks or tax collectors cannot be joined in a single suit in a Federal court, and the jurisdiction sustained on the ground that the total amount involved exceeds the jurisdictional limitation."

In the case of Walter v. Northeastern Railroad Company, 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206, the Supreme Court says:

"A Circuit Court of the United States has no jurisdiction over a bill in equity to enjoin the collection of taxes from a railroad company, when distinct assessments, in separate counties, no one of which amounts to $2000 [now $3000], and for which, in case of payment under protest, separate suits must be brought to recover back the amounts paid, are joined in the bill and make an aggregate of over $2000."

For misjoinder of parties respondent, the court feels constrained to dismiss this suit.

■ Then there is another ground upon which I feel inclined to dismiss this suit, and that is that the complainants have an adequate remedy at law under the statutes of North Carolina. They can pay the tax under protest and then sue to recover it. The machinery for recovering alleged illegal taxes, after they have been paid, is ample under the North Carolina laws. See section 510, chapter 371, Acts of the General Assembly of North Carolina of 1935; also Henrietta Mills v. Rutherford County, 281 U.S. 121, 50 S.Ct. 270, 74 L.Ed. 737.

Section 267 of the Judicial Code (28 U.S.C.A. § 384) provides explicitly: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

The complainants do not claim, and in my opinion cannot claim, that they have not a plain, adequate, and complete remedy at law under the statutes of North Carolina. See Matthews et al. v. Rodgers et al., 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447.

■ The complainants contend that, by their conduct in taking pictures, as set forth in the agreed statement of facts, they are engaged in interstate commerce. I do not think I can agree with this contention. The statute taxes the profession of photography, and requires a license fee of $25 for the privilege of practicing same. The tax is levied upon photographers and canvassers for any photographer, agents of a photographer in transmitting pictures or photographs to be copied. The license tax is levied, therefore, upon the business or profession; and I am of the opinion that the complainants are engaged in a profession which the state has a right to tax, just as it taxes the business or profession of a lawyer or a physician. As contended by respondents, the transactions which the

complainants carry on in this state are: Arranging for a sitting of the person whose picture is to be taken, conducting the sitting, and actually taking the photograph, within the state. The complainants solicit persons to have their photographs taken, arrange for the sitting, and actually have the camera present and take what is popularly called a picture, but in fact it is what photographers call a "negative," which is the outline of the subject on glass, and without which no complete photograph could be made. I think clearly that the complainants are engaged within this state in the profession or business of photography, and are acting as photographers, and are therefore subject to, and liable for, the taxes imposed. I cannot see how this levy interferes with or burdens interstate commerce.

The facts in the instant case are quite different from the facts in the case of Caldwell v. North Carolina, 187 U.S. 622, 23 S.Ct. 229, 47 L.Ed. 336.

For the foregoing reasons, the court is constrained to dismiss the bill at the cost of the complainants.