## LONG v. SMITH.

1. **Practice in Supreme Court:** DISMISSING APPEAL ON CONFLICT- ING AFFIDAVITS.  Where the affidavits relating to the grounds on which the dismission of an appeal is asked are conflicting, the dismis- sion will not be granted.

2. ——: ERROR IN KIND OF PROCEEDINGS DISREGARDED.  Although this action should have been begun below as an action to redeem from

a tax sale instead of an action to quiet title, yet, as no objection was made to the form of the action, it is treated and disposed of in this court according to its real nature and merits,—that is, as an action to redeem.

3. **Tax Sale:** TERMS OF REDEMPTION FROM: SUBSEQUENT TAXES: STATUTE OF LIMITATIONS. Defendant in this case had a valid tax certificate on which he had the right, at the commencement of this suit to redeem therefrom, to give the proper notice and take his tax deed. *Held* that the plaintiff (holder of the patent title) had the right to redeem, but to do so he was bound to pay the taxes and penalties provided by law, regardless of the statute of limitations. *Harber v. Sexton & Son*, 66 Iowa, 211, followed; *Brown v. Painter*, 44 Iowa, 368, and subsequent like cases, distinguished.

*Appeal from Guthrie District Court.*

THURSDAY, SEPTEMBER 24.

THE plaintiff in his petition claims to be the absolute owner of a certain eighty acre tract of land. He avers that the defendant makes some claim to the same, and prays that his title be quieted as against the defendant. The defendant by his answer claims title to the land by virtue of a tax sale and deed. The plaintiff in his reply alleges that the tax deed is invalid because the proper notice of the expiration of the time for redemption was not given as required by statute, and he offers to pay " whatever amount of taxes paid by defendant, which the court may find due the defendant, for five years last past before the bringing of this action; but prior to that time, and beyond five years back, plaintiff alleges that defendant's claim for taxes paid is fully barred by the statute of limitations." The court found that the plaintiff was entitled to redeem the land from the tax sale, and set aside the tax deed, and decreed that redemption should be made by paying all taxes, penalties and interest which accrued within five years of the commencement of the action. Defendant appeals.

*C. A. & J. G. Berry* and *J. S. McCaughan*, for appellant.

*H. E. Long*, appellee, *pro se.*

ROTHROCK, J.—I. The appellee presents a motion to dismiss the appeal upon the alleged ground that at the time the appeal was taken the defendant, Scott E. Smith, had no interest in the subject of the action, he having by his quit-claim deed released all the interest he had in the land to E. W. Smith. The motion is supported by affidavits to the effect that such a deed is on record in the recorder's office, and that it purports to have been signed and acknowledged by Scott E. Smith and Hester A. Smith, his wife, before this action was commenced. The defendant, Scott E. Smith, died after the appeal was taken, and the proper substitution of parties was made in this court. The parties defendant resist the motion to dismiss by the affidavit of Hester A. Smith, in which she denies that she or her husband ever executed any such deed. The fact of the transfer of the land having been denied in this emphatic manner precludes us from entertaining the motion. It raises an issue of fact which, if determined in plaintiff's favor, defeats the defendant's right of appeal, and this fact ought not to be determined upon conflicting affidavits.

II. There was an agreed statement of the facts in this case, which shows that the land in question was duly and legally sold to E. W. Smith by the county treasurer on the first day of November, 1875, for the delinquent taxes of 1874, and that E. W. Smith afterwards assigned the tax-sale certificate to the defendant, Scott E. Smith, who attempted to give the notice of expiration of redemption required by law. The notice and the proof thereof were so defective that the treasurer was not authorized to execute a deed to Scott E. Smith. But a tax deed was made, executed and delivered on

the twenty-fourth day of November, 1880.   The land was owned by one F. C. Vogle, and on the eighth day of March, 1882, he conveyed the same to the plaintiff, Long, by deed in fee, without warranty, and "said Long paid for said land the full sum of $50;" and at the time of his purchase he knew that the land had been sold for taxes, and that there had been a tax deed executed and delivered in pursuance of the sale.   It further appears that the assessment of the land, the levy of the taxes and the sale by the treasurer were in all respects regular and in compliance with the statute, and that the taxes had not been paid.   The plaintiff had the right to make redemption from the sale, and, as incident to this, he had the right to a decree annulling the tax deed as a cloud upon his title.   He should have commenced an action to redeem, because that was the relief he was entitled to demand.   Instead of this, however, he commenced an action to quiet his title, and made no offer to redeem.   When the tax claim was set up in the answer, he replied by making a qualified offer to redeem from all taxes paid by Smith within five years.   If proper objection had been made to this manner of pleading in the court below, and the objection had been sustained and the plaintiff sent out of court, with an admonition to commence such an action as the facts authorized him to maintain, by a petition with proper averments, we incline to think such a ruling would be sustained.   No such motion or objection having been made in the district court, and the case having been allowed to go to decree, we have concluded to treat the action in this court as it ought to be regarded, and that is as an action to redeem from a tax sale, because the time for redemption had not expired.   It is provided by section 894 of the Code that the right of redemption from a tax sale shall not expire until ninety days after the service of a proper notice of the expiration of redemption.   The amount of money required to redeem is a mere matter of mathematical calculation.   It is the amount for which the land was sold for taxes, and the penalties and

interest provided by law. The plaintiff insists, however, and the district court held, that he is not required to redeem from the sale at all, but only from such taxes as were paid within five years before the commencement of the suit, and certain cases determined by this court are cited in support of the claim that taxes paid more than five years before the action was commenced are barred by the statute of limitations. It is sufficient to say that the cases cited are not in point. They are all cases where the tax sale was irregular, or the deed void by reason of some inherent invalidity, and the tax sale purchaser sought to recover taxes paid by him at the sale or afterwards. See *Brown v. Painter*, 44 Iowa, 368; *Callanan v. Madison Co.*, 45 Id., 561; *Sexton v. Peck*, 48 Id., 250; *Thode v. Spofford*, 65 Id., 294.

In the case at bar the defendant does not seek to recover taxes. He has a valid tax-sale certificate upon which he had the right, at the commencement of this suit, to give the proper notice of expiration of redemption, and take his deed in ninety days after the service of the notice. The plaintiff had the right to redeem from the *sale*, and to do so he was bound to pay the taxes and penalties provided by law, regardless of the statute of limitations. See *Harber v. Sexton*, 66 Iowa, 211.

The decree of the district court fixing the amount to be paid in redemption is reversed, and the cause is remanded for an account of the taxes and penalties to be taken in accord with this opinion.

REVERSED.