## STORY *v.* BLACK.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF MONTANA.

Submitted November 11, 1886. — Decided November 15, 1886.

When a jury is waived in a territorial court in the trial of an action at law, the case cannot be brought up for review by writ of error; but must, under the Act of April 7, 1874, c. 80, 18 Stat. 27, come, if at all, by appeal, as provided in that act.

This was an action to try title to real estate. After issue joined it came on for trial "before the court, a trial by jury having been expressly waived by the parties." In the course of the trial plaintiff's counsel took several exceptions to evidence offered on defendant's behalf, all of which were duly noted. The judge then, after hearing the evidence, made special findings of fact, and found conclusions of law thereon; and plaintiff's counsel thereupon excepted to each finding of fact, except one which was specified, and to each of the conclusions of law, on the ground that the same were defective and did not cover the material issues in the action, and that the court erred in its conclusions of law upon the findings. Plaintiff's counsel also asked for certain specified findings, and moved for a new trial for reasons given in the motion; and, the motion being denied, excepted to the order denying it. On this record the case was taken on appeal to the Supreme Court of the Territory. The judgment below was there affirmed, and this writ of error was sued out to review that action of the Supreme Court of the Territory.

*Mr. J. Hubley Ashton* and *Mr. Nathaniel Wilson* for plaintiff in error.

Although a jury was waived in this case by the parties, and the issues of fact therein were tried by the court, under the authority of the Statute of Montana, the case was a case "of trial by jury" under that statute, and within the meaning of the second section of the Act of 1874, and, there-

fore, properly comes here by writ of error. The words, in the first section, "cases of trial by jury," receive interpretation from the proviso in the first section of the act, and they are substantially equivalent to the words, "cases cognizable at common law," as used in that proviso.

Certainly, it would seem, the Act of 1874 did not intend to provide for a writ of error in a case cognizable in equity, where, under the requirement of the Statute of the Territory, the issues of fact were tried by a jury; and yet, it would appear, as we respectfully suggest, that such a case must come here by writ of error, and not appeal, if the absolute and universal test as to the proper appellate proceeding, in a territorial case, be the fact of whether or not there was a trial by jury.

It would seem, as we desire to submit, under the Act of 1874, that regard must be had to the subject-matter of and the remedy sought in a case from the court of a Territory, whose legislature recognizes, as the Statute of Montana recognizes, the essential distinction between law and equity; and that if they are purely legal, and cognizable solely at law, and the Territorial Statute required the trial of the case by jury, unless the parties waived a jury trial, the case is one "of trial by jury," within the meaning of that phrase in the Act of 1874, although, in fact, a jury trial was waived and the issues of fact were tried by the court.

By the Montana Code of Civil Procedure, in actions for the recovery of specific real property, and other common law cases, a jury trial must be had unless expressly waived in the manner specified in the Statute, §§ 241, 269.

*Mr. Edwin W. Toole* and *Mr. Joseph K. Toole* for defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error to the Supreme Court of the Territory of Montana to bring up for review the judgment in a suit where there was not a trial by jury. Under the Act of April 7, 1874, c. 80, § 2, 18 Stat. 27, the case should have

been brought up by appeal, and the writ of error is therefore dismissed. *Hecht* v. *Boughton,* 105 U. S. 235; *United States* v. *Railroad Co.,* 105 U. S. 263; *Woolf* v. *Hamilton,* 108 U. S. 15. The question is no longer open in this court. The statutory rule is jurisdictional.