FIRST NATIONAL BANK OF HELENA, appellant, *v.* MCANDREWS ET AL., respondents.

APPEAL TO UNITED STATES SUPREME COURT. — *To obtain a supersedeas on an appeal from a judgment of the supreme court of Montana, the appeal must be taken within sixty days.* — At the July term of the court, 1887, the judgment of the district court in this case had been reversed, and a decision rendered in favor of the appellant. Some months later, at a former day of the present term (January term, 1888), the court on motion of the respondents had made an order fixing the amount of a *supersedeas* bond, with a view to the case being appealed to the supreme court of the United States. No appeal had ever been taken by respondents. Appellant at a subsequent day moved that the said order be vacated. *Held,* that as no appeal had been taken within sixty days after the rendition of judgment against respondents, that, under sections 1007 and 1012, Revised Statutes of the United States, no *supersedeas* could be obtained, and that, therefore, the order aforesaid fixing the amount of such bond was erroneously granted.

*Appeal from District Court, Deer Lodge County.*

TOOLE & WALLACE, and SANDERS, CULLEN & SANDERS; for the appellant.

T. L. NAPTON, and ROBINSON & STAPLETON, for the respondents.

MCCONNELL, C. J.   This case was heard at the July term of this court, 1887, and a judgment pronounced in favor of the appellant for three thousand dollars, with interest from the 31st of May, 1879, at ten per cent per annum, making the total amount of the judgment, exclusive of costs, more than five thousand dollars.   *Ante,* p. 150.   On a former day of this term the respondents moved the court to fix the amount of a *supersedeas* bond, with a view of taking this case to the supreme court of the United States, and obtain a writ of *supersedeas* to stay the collection of said judgment until the case could be reviewed in said court.   Said bond was fixed at the sum of seven thousand five hundred dollars.   At a subsequent day of this term the appellant moved the court to vacate said order fixing the amount of said *supersedeas* bond, and this motion is the only matter before us for determination.

We find under section 1008, Revised Statutes of the United States, "that no judgment, decree, or order of a circuit or district court, in any civil action, at law or in equity, shall be reviewed in the supreme court on writ of error or appeal, unless the writ of error is brought, or the appeal is taken, within two years after the entry of such judgment, decree, or order."   Hence an appeal will lie from a judgment of this court at any time within two years from its rendition.   We find under section 2 of an act of Congress, approved April 7, 1874, "that the appellate jurisdiction of the supreme court of the United States over the judgments and decrees of territorial courts, in cases of trial by jury, shall be exercised by writ of error,

and in all other cases, by appeal, according to such rules and regulations, as to forms and modes of proceeding, as the said supreme court has prescribed, or may hereafter prescribe." This statute has been construed in the case of *Story* v. *Black*, 119 U. S. 235. Chief Justice Waite delivered the following opinion, to wit: " This is a writ of error to the supreme court of the territory of Montana, to bring up for review the judgment in a suit where there was not a trial by jury. Under the act of April 7, 1874, chapter 80, section 2 (18 U. S. Stats. 27), the case should have been brought up by appeal, and the writ of error is therefore dismissed. *Hecht* v. *Boughton*, 105 U. S. 235; *United States* v. *Railroad Co.*, 105 U. S. 263; *Woolf* v. *Hamilton*, 108 U. S. 15. The question is no longer open in this court. The statutory rule is jurisdictional." Section 1909 provides that " writs of error and appeals from the final decisions of the supreme court of either of the territories of New Mexico, Colorado, Utah, Dakota, Arizona, Idaho, Montana, and Wyoming, shall be allowed to the supreme court of the United States in the same manner, and under the same regulations, as from the circuit courts of the United States, where the value of property, or the amount in controversy, to be ascertained by the oath of either party, or of other competent witnesses, exceeds five thousand dollars, exclusive of costs." By an examination of the record in this case, we find that the case was tried below by the court without a jury, a jury having been expressly waived. Hence the only mode by which this judgment can be taken to the supreme court of the United States is by appeal; and the question for our determination is, whether a *supersedeas* can be obtained to stay proceedings upon the judgment pending such appeal.

"At common law, a writ of error was a *supersedeas* by implication." Bac. Abr., tit. Supersedeas, D, 4. But by

the judiciary act of 1789, volume 1, page 85, section 23, it is provided "that a writ of error shall be a *supersedeas*, and stay execution, in cases only where the writ of error is served, or a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after the rendering of the judgment complained of." This statute changed the common law so that, in order that a writ of error shall operate as a *supersedeas*, the copy of the writ must be lodged for the adverse party in the clerk's office where the record remains within ten days, Sundays exclusive, after the rendering of the judgment or passing the decree complained of; and if this was not done within ten days, it would not operate as a *supersedeas*. This statute was construed in the cases of *Hogan* v. *Ross*, 11 How. 297, and *Railroad Co.* v. *Harris*, 7 Wall. 575. This statute is silent as to any security for *supersedeas*, for the reason that it had to be given before the writ of error issued; and inasmuch as the writ of error had to be served within ten days in order that it should operate as a *supersedeas*, in all such cases where the *supersedeas* was desired, the security was given before the writ issued. In 1794 it was enacted that the security be required and taken on the signing of a citation on any writ of error which shall not be a *supersedeas*, and a stay of execution shall be only for such an amount as, in the opinion of the justice or judge taking the same, shall be sufficient to answer all such costs as, upon affirmance of the judgment or decree, may be adjudged or decreed to the respondent in error. In 1803 appeals were granted in cases of equity, admiralty, and maritime jurisdiction, and made subject to the same rules, regulations, and restrictions as are prescribed in law in cases of writs of error (2 Stats. 244, sec. 2); and hence an appeal, to operate as *supersedeas*, must be perfected, and the security given, within ten days after the rendition of the decree

under the act of 1789, in like manner as it was required to be done by that act in cases of writs of error; and the allowance of the appeal was the equivalent of the writ of error. *Adams* v. *Law,* 16 How. 148; *Hudgins* v. *Kemp,* 18 How. 535; *French* v. *Shoemaker,* 12 Wall. 100; *Bigler* v. *Waller,* 12 Wall. 149.

The law in regard to *supersedeas* upon writ of error or appeal remained in this condition until it was enacted, in 1872 (17 Stats. 198, sec. 11), "that any party or person desiring to have any judgment, decree, or order of any district or circuit court reviewed on writ of error or appeal, and to stay proceedings thereon during the pendency of such writ of error or appeal, may give security required by law therefor, within sixty days after the rendition of such judgment, decree, or order, or afterwards with the permission of the judge or justice of the appellate court." This statute was construed in the case of *Telegraph Co.* v. *Eyser,* 19 Wall. 419. In this case, it was held that where the security was given after ten days, but within sixty days, *supersedeas* followed as a matter of right, but that the bond may be executed within sixty days after the rendition of the judgment, and later with the permission of any one of the judges designated in said act. Hence it would appear that, under this act, a *supersedeas* could be obtained by permission of the justice or judge of the supreme court of the United States at any time within two years allowed for appealing to the supreme court, or taking the case there by writ of error. But under the Revised Statutes, section 1007, we find that in "any case where a writ of error may be a *supersedeas,* the defendant may obtain such *supersedeas* by serving the writ of error, or lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law; but

if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterwards with the permission of the judge or justice of the appellate court; and in such cases, where a writ of error may be a *supersedeas*, execution shall not issue till the expiration of said term of sixty days." But at the next session of Congress after the adoption of the Revised Statutes, it was enacted that the time for withholding execution should be limited to ten days. 18 Stats. 318. By section 1012 of the Revised Statutes, it is provided " that appeals from the circuit, and district courts acting as circuit, courts, and from district courts in prize causes, shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of writs of error." This was an amendment of the law touching appeals passed in 1803, as noticed *supra*. It will be seen, then, that the same limitation of time within which a *supersedeas* can be obtained in a law case, when taken to the supreme court of the United States by writ of error, applied in equity and non-jury cases, when taken to the supreme court by appeal. In the case of *Kitchen* v. *Randolph*, 93 U. S. 92, the court says: " We are therefore of the opinion that, under the law as it now stands, the service of a writ of error, or the perfection of an appeal, within sixty days, Sundays exclusive, after the rendering of the judgment, or the passing of the decree complained of, is an indispensable prerequisite to a *supersedeas*, and that it is not within the power of a justice or a judge of the appellate court to grant a stay of process on the judgment or decree, if this has not been done." The appeal in the case at bar has not yet been taken, and, as more than sixty days have elapsed since the rendering of the judgment complained of, no *supersedeas* can be obtained. Hence it was error to make the order

fixing the amount of such bond. Said order is therefore vacated and annulled.

*Order vacated.*

McLEARY, J., and BACH, J., concur.