GEORGIA & F. RY. CO. v. BROTHERHOOD OF LOCOMOTIVE
ENGINEERS et al.

(Circuit Court of Appeals, Fifth Circuit.    October 30, 1914.)

No. 2689.

1. ARBITRATION AND AWARD (§ 73*)—CARRIERS AND EMPLOYÉS ACT—REVIEW
OF AWARD.
   Under Arbitration Act July 15, 1913, c. 6, § 8, 38 Stat. 107 (Comp. St.
   1913, § 8673), which authorizes a review of the award by the District
   Court on exceptions "for matter of law apparent upon the record," an
   award is subject to exception only on some ground which affects the
   jurisdiction, right, or authority of the arbitrators to make the same.
      [Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§
   368–398;  Dec. Dig. § 73.*]

2. ARBITRATION AND AWARD (§ 73*)—CARRIERS AND EMPLOYÉS ACT—REVIEW
OF AWARD.
   Such review can only extend to questions affecting the legality of the
   proceedings or the conclusiveness of the award, and views expressed by
   the arbitrators or reasons given for their decision are immaterial.
      [Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§
   368–398;  Dec. Dig. § 73.*]

3. APPEAL AND ERROR (§ 4*)—CARRIERS AND EMPLOYÉS ACT—DECISION OF
DISTRICT COURT—MODE OF REVIEW.
   The decision of a District Court on exceptions to the award of arbi-
   trators rendered under Arbitration Act, § 8, is reviewable in the Circuit
   Court of Appeals by appeal.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–21;
   Dec. Dig. § 4.*]

Appeal from the District Court of the United States for the South-
ern District of Georgia; Wm. B. Sheppard, Judge.

Arbitration proceeding between the Georgia & Florida Railway Com-
pany and Brotherhood of Locomotive Engineers and Brotherhood of
Locomotive Firemen and Enginemen.  On appeal by the Railroad Com-
pany from decision of District Court (215 Fed. 195) on exceptions to
award.  Affirmed.

Wm. H. Barrett, of Augusta, Ga., for appellant.

Henry C. Roney, of Augusta, Ga., for appellees.

Before PARDEE, Circuit Judge, and GRUBB and CALL, District
Judges.

PER CURIAM.  This is an appeal from the judgment of the Dis-
trict Court overruling the exceptions to an award made in arbitration
proceedings under the act of Congress providing for mediation, con-
ciliation, and arbitration in controversies between certain employers and
their employés, approved July 15, 1913.  The case is brought also to
this court by writ of error, as the appellant apprehended that the word
"appeal" might have been employed in the *generic* sense, and that the
writ of error was the sole method of review.  The case is submitted
on both the appeal and writ of error.

The errors assigned in this court are:  First, because each and all
the exceptions filed by the said defendant the Georgia & Florida Rail-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

way Company to the award of the arbitrators are founded upon errors of law apparent upon the face of the record in such arbitration proceedings; second, because the errors of law apparent upon the face of the record, to which exceptions can be filed in such arbitration proceedings, are not confined to such errors of law as make the arbitration proceedings void ab initio, but extend to any substantial error of law appearing upon the face of the record in such proceedings.

[1] I. We have carefully considered the record and the briefs and arguments of counsel, and conclude that the exceptions filed in the District Court were properly overruled. In deciding the case, the district judge, in a very elaborate opinion, held that the alleged errors presented by the exceptions were questions of mixed law and fact, and not pure questions of law, and that the award was not assailed on any ground that would void it for lack of jurisdiction, or on any ground for setting aside the common law of arbitration, in that it is not pretended that it is not a legally constituted board of arbitration, or that the statute under which it is organized was invalid; or that the board traveled beyond the scope of the matters properly submitted by agreement of parties. As we read the exceptions filed in the lower court, they refer to and are based upon the declarations of the chairman and opinions of the arbitrators upon questions of law not necessarily affecting the award made.

[2] II. The second assignment of error seems to relate to questions of law not affecting the legality of the arbitration proceedings or the conclusiveness of the award. The case shows that the arbitrators complied with all the requirements of section 7 of the controlling Act of Congress (Comp. St. 1913, § 8672) and heard all the evidence, statements, and arguments offered by the parties, and made their award. If, in addition thereto, the arbitrators gave reasons for their award, and therein expressed views as to questions of law or fact more or less involved in and connected with the matters in controversy, it is immaterial. The award was signed by all the arbitrators, although one excepted as to a part thereof, and, whether the reasons given were sound or unsound, they in no way vitiated the effect or legality of the award. In the law under which the arbitration was held the duties of the arbitrators are clearly defined and it is expressly provided that:

"In its award or awards the said board shall confine itself to findings and recommendations as to the question specifically submitted to it or matters directly bearing thereon."

The arbitrators are called to find and make an award, and are not called to give reasons or arguments on either law or the facts.

[3] We think the case was properly brought to this court by appeal. See Story v. Black, 119 U. S. 235, 7 Sup. Ct. 176, 30 L. Ed. 341; Idaho & Oregon Land Co. v. Bradbury, 132 U. S. 514, 10 Sup. Ct. 177, 33 L. Ed. 433.

The judgment of the District Court is affirmed.

The writ of error is dismissed.