KNOWLES, County Treasurer, v. FIRST NAT. BANK OF SHENANDOAH, IOWA, et al.

No. 9201.

Circuit Court of Appeals, Eighth Circuit.

April 14, 1932.

---

L. H. Mattox, of Shenandoah, Iowa, for appellant.

Addison G. Kistle, of Council Bluffs, Iowa (George S. Wright, of Council Bluffs, Iowa, on the brief), for appellees.

Before Stone and Booth, Circuit Judges, and Wyman, District Judge.

STONE, Circuit Judge.

The First National Bank of Shenandoah, Iowa, brought a suit against the treasurer of Page county, Iowa, to enjoin collection of taxes assessed against its shares of stock. After a hearing upon the merits, the court granted a permanent injunction. From that decree, this appeal is brought.

One basis of this suit is that the assessments for the years 1920, 1921, 1925, and 1926 violated the statutory requirement that shares of national banks should not be taxed by a state at a greater rate than that "assessed upon other moneyed capital in the hands of individual citizens of such State coming into competition with the business of national banks." USCA title 12, § 548. The situation as shown by the evidence and as found by the trial court and the special master clearly is that there was, during the years involved here and as to this complainant and other national banks, a consistent policy of discrimination pursued by the taxing officials. This discrimination was worked out as follows. Under the laws of Iowa (Code Iowa 1924, § 6984 et seq.), different rates of taxation were required upon different designated classes into which property, was to be divided. Two of these classes were "moneyed capital" and "moneys and credits." The rate upon the former was higher than that upon the latter. The taxing officials consistently placed all bank stocks in the former class and no other property therein, while they placed all other moneys and credits held by individuals in the latter class. As a very substantial amount of these moneys and credits were of the same character as those constituting the loaning feature of the banks, this difference in classification, which determined a different tax rate, constituted an obvious discrimination against the bank stock.

This evidence makes clear that there was a large amount of money and credits used in direct competition with this complainant (during the tax years here involved) which was classified at the lower rate as "moneys and

credits," while the stock of this bank was placed in the higher rate classification as "moneyed capital." The evidence leaves no doubt of a discrimination such as is forbidden by section 548.

The serious question of law at the time this appeal was presented was whether this complainant was barred from judicial relief because it had failed to avail itself of an administrative remedy before coming into court. The contention of appellant was that the statutes of Iowa (Code 1924, § 7132) provided an adequate administrative remedy for correction of such discriminations by a hearing before a "Board of Review." A few days after this case was submitted to us, the Supreme Court handed down an opinion which we think is decisive of this appeal. The case of Iowa-Des Moines National Bank v. Bennett, 284 U. S. 239, 52 S. Ct. 133, 135, 76 L. Ed. ——, is a mandamus proceeding brought in a state court of Iowa, Iowa Nat. Bank v. Stewart, 232 N. W. 445, by a national bank against county officers to compel tax refunds. The basis of the suit is precisely the same discrimination and violation of section 548 as here. The case came to the Supreme Court by certiorari to the Supreme Court of Iowa, which had held: "That no right of petitioners under the state law was violated, because they were not overassessed; that no right under the federal law was violated, because the lower taxation of their competitors due to usurpation by officials was not an act of the state; and that the discrimination thus effected was remediable only by correcting the wrong under the state law in favor of the competitors and not 'by extending * * * the benefits as of a similar wrong' to the petitioners."

The Supreme Court shortly disposed of a situation exactly like that before us, as follows: "Other competing moneyed capital in the form of investments held by individuals and by a few foreign corporations was wrongfully classified by the assessor as 'moneys and credits,' and so returned upon the assessment rolls to the county auditor, who extended the assessments upon the tax books accordingly, and applied to them the 5-mill levy. The Supreme Court of Iowa held that the right to complain of this discrimination had been lost by failure to avail of the method of review prescribed by the state. We have no occasion to consider this matter, as we hold that the more favorable taxation of the competing domestic corporations entitles the petitioners to the relief sought."

The decree of the trial court is affirmed.