CRAWFORD COUNTY TRUST & SAVINGS BANK v. CRAWFORD COUNTY, IOWA, et al.

FARMERS' STATE BANK OF DOW CITY, IOWA, etc., et al. v. SAME.

CRAWFORD COUNTY TRUST & SAVINGS BANK OF DENISON, IOWA, et al. v. SAME.

Nos. 9548–9550.

Circuit Court of Appeals, Eighth Circuit.

July 20, 1933.

972

See, also, 63 F.(2d) 342.

Addison G. Kistle, of Council Bluffs, Iowa (L. W. Powers, of Denison, Iowa, on the brief), for appellants.

L. H. Salinger, of Carroll, Iowa (Andrew Bell and Cloid I. Level, both of Denison, Iowa, on the brief), for appellees.

Before STONE and WOODROUGH, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge.

Case No. 9548 is an action by the Crawford County Trust & Savings Bank, trustee for the Crawford County State Bank, against Crawford county, Iowa, and various taxing officials of the county for refund of taxes alleged to have been illegally collected for the years 1924 and 1925. After various pleadings, the court sustained a motion to dismiss an "Amended and Substituted Petition," and, the plaintiff refusing to plead further, decree was entered dismissing the petition. From that decree, plaintiff brings this appeal.

Various and somewhat different matters are presented here by the opposing parties. Appellees contend that the assignment of errors is insufficient, under the rules of this court, to present for review the matters argued by appellant. The ruling complained of is in holding the amended and substituted petition failed in stating facts justifying the relief sought. The sufficiency vel non of that petition is the issue. There may be various reasons urged against such sufficiency which must be met by appellant, but that does not alter the situation that the only issue is the sufficiency of the petition. The motion contained five separately stated grounds of attack. The court gives no intimation, in its order sustaining the motion, the decree of dismissal, or otherwise, of the ground or grounds which influenced its action. In this situation, we think the assignments sufficient.

Appellees attack the jurisdiction of the trial court as a federal court mainly on the ground that the jurisdictional amount is not involved, since it is made up of amounts payable by various stockholders and no one of such amounts equals $3,000. This same contention was presented in this case on a motion to dismiss and was denied. 63 F.(2d) 342. We are content with the disposition thus made. In this connection the appellees here argue that the petition does not show that the bank has not been reimbursed for some part or all of the amount sued for. This is a mistake, as the petition expressly avers that "said bank has never been reimbursed by its stockholders or any other persons on account of said payment."

Disposition of the above contentions of appellees brings us to the matters essentially involved in the petition and the motion to dismiss and which are argued here.

The first of these has to do with the capacity of this plaintiff to bring this action. The Crawford County State Bank was the taxpayer. After it had paid these taxes, it became insolvent and went into liquidation under the state law. Therein its entire assets passed to a receiver. This receiver sold part of these assets to plaintiff and all other assets were transferred to plaintiff "as trustee to be held and liquidated for the benefit of the creditors of the Crawford County State Bank." Included in this transfer to the plaintiff as trustee, were "all claims due the bank." Clearly the tax refunds sought here are "claims due the bank." We see nothing in the character of these claims which would prevent such transfer nor enforcement of them by the trustee. The petition clearly

states that plaintiff "is now acting as such trustee," and that "the claim for such illegal payment was a part of the assets of the bank which came into the hands of this plaintiff as trustee of such assets." This action is brought by the plaintiff, as "trustee," and for the purpose of enforcing this claim so coming into its hands as such. We think plaintiff has ample capacity to maintain this action.

 Another issue is whether the petition shows this action to be barred by limitations (a contention in the motion to dismiss). The rule in federal courts in equitable actions is that state statutes of limitations are not controlling but will be followed in application of the doctrine of laches unless the circumstances of the particular case convince that a shorter or longer period would be just. Cooper v. Hill, 94 F. 582 (C. C. A. 8). Here, the petition asserts no sufficient extraordinary circumstances as would justify a departure from the statutory limitations, and such should be followed here. The dispute is over whether the three-year or the five-year statutory limitation is applicable, since this action was begun after three but within five years. Appellee seems to concede that the five-year limitation applies to the county, but contends that the shorter period applies to the individual defendants. The statute thus relied upon is paragraph 4 of section 11007 of the Code of Iowa. Appellees cite Beecher v. County of Clay, 52 Iowa, 140, 2 N. W. 1037, Callanan v. Madison County, 45 Iowa, 561, and Prescott v. Gonser, 34 Iowa, 175 as so holding. The position of appellant is that the Supreme Court of Iowa has determined that this character of action is governed by the five-year period statute (citing Iowa Nat. Bank v. Stewart, 214 Iowa 1229, 232 N. W. 445, 466), and that this court has applied the five-year period [citing Munn v. Des Moines Nat. Bank, 18 F.(2d) 269], but that, if there has been no direct decision as to this matter, the question is at least doubtful and where doubtful this court will adopt the longer period [citing Payne v. Ostrus, 50 F.(2d) 1041, 1042, 77 A. L. R. 531 (C. C. A. 8) and Hughes v. Reed, 46 F.(2d) 435, 440 (C. C. A. 10)].

The two statutory provisions involved are found in section 11007 Code of Iowa 1924, and are as follows:

"11007. *Period of.* Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * *

"4. *Against sheriff or other public officer.* Those against a sheriff or other public officer, growing out of a liability incurred by the doing of an act in an official capacity or by the omission of an official duty, including the non-payment of money collected on execution, within three years.

"5. *Unwritten contracts—injuries to property—fraud—other actions* * * * and all other actions not otherwise provided for in this respect, within five years." .

First, as to the cases cited by appellant as having sustained the five-year period. The Munn Case in this court involved an issue of laches on the part of the three banks involved there in bringing actions against the county treasurer, in January, 1923, to enjoin collection of taxes assessed for the years 1919 to 1922, inclusive. In the entire printed arguments of the parties in this court no reference occurs to the limitation statutes of Iowa. Laches was urged upon entirely other grounds. This contention was disposed of in this court as follows (18 F.(2d) 269, at page 276): "These suits were brought in 1923 and subsequent years. The complainants were not estopped from bringing and prosecuting them by laches. Compiled Code of Iowa 1919, § 7116 (5); Kelley v. Boettcher (C. C. A.) 85 F. 55, 62; Clarke v. Boysen (C. C. A.) 285 F. 122, 127."

The Kelley and Clarke Cases cited in the quotation are to the effect that federal courts in equity cases are not governed by state statutes of limitations in determining laches, but will follow such statutes unless "unusual conditions or extraordinary circumstances" convince that a shorter or longer period than the statutory limitation should be applied. Obviously, the only purpose of these two citations was to prepare the ground for application of the state statutory period deemed applicable. The statutory period cited in the quotation is "Compiled Code of Iowa 1919, § 7116 (5)," which is section 11007 (5) of the Code of 1924, above quoted and is the five-year period. These actions covered taxes all of which were due within three years before date of the suits, with the possible exception of taxes for 1919. As to the tax for 1919, the cause of action arose "when taxes at the lower rate were collected from their competitors" (Iowa-Des Moines Bank v. Bennett, 284 U. S. 239, 247, 52 S. Ct. 133, 136, 76 L. Ed. 265), and no mention is made of when this collection was made. Clearly, no question of whether the three or the five year period was applicable was before this court, and it is probable there could have been no such question in the minds of counsel or of this court,

since the taxes involved were all within the three-year period unless the tax for 1919 was an exception. Thus, while the above quotation from the Munn Case must be understood as applying the five-year statutory period, it is quite clear that the propriety of applying that period instead of the three-year period was not a contested issue before this court and probably could not have been on the facts. This situation greatly weakens the authority of that case as to the now contested issue as to whether the three or the five year period is applicable.

The state case (Iowa Nat. Bank v. Stewart, 214 Iowa, 1229, 232 N. W. 445, 466), relied upon by appellant, contains a clear statement that the five-year period governs, but this was by a dissenting minority where the majority remained silent upon that issue. The opinion in the Stewart Case disposed of six other cases. Two of these cases went to the Supreme Court of the United States on certiorari and were there determined. Iowa-Des Moines Bank v. Bennett and Central State Bank v. Bennett, 284 U. S. 239, 52 S. Ct. 133, 76 L. Ed. 265. No issue of limitation or laches was determined nor noticed in that opinion. In accord with the mandate from the Supreme Court to the Supreme Court of Iowa, the Stewart Case and companion cases (then held on petition for rehearing) were reversed without comment as to the issue of limitation or of laches. Home Savings Bank v. Stewart, 244 N. W. 309. Thus, the statement in the Stewart Case remains as the judgment of a minority with no expression from the majority of the judges in the Supreme Court of Iowa.

To these two citations by appellant may be added Murphy v. Board of Supervisors, 205 Iowa, 256, 215 N. W. 744, which was "an action in equity to mandamus the board of supervisors to order the refund of a tax which has been illegally exacted" (205 Iowa, at page 256, 215 N. W. 744, syllabus), and where the principal ground of attack was that "the instant cause of action is barred by the statute of limitations because not brought within five years" (page 258 of 205 Iowa, 215 N. W. 744, 745). The court said, "The correctness of this defense is conceded to be true, were it not for" a clause of section 11017 of the Code of 1924 permitting cases to be rebrought within six months of disposition of an earlier action. The court then determined that suit did not come within the six months' provision and sustained the plea of limitation.

Next we examine the above citations by appellees, contended as upholding the three-

year limitation. Prescott v. Gonser, 34 Iowa, 175, applies the three-year period in an action of mandamus to compel affixation of the county seal to a county warrant (from which the necessary seal had been omitted) by the then county auditor. Callanan v. County of Madison, 45 Iowa, 561, was an action against the county alone to recover taxes illegally assessed. A defense was the statute of limitations; the action having been brought ten years after the land was sold for taxes. As to this the court said (page 561): "Actions of this character are barred in five years from the time the causes thereof accrued. Code, § 2529, par. 4 [now section 11007, par. 5 of Code 1924, above quoted]." Beecher v. County of Clay et al., 52 Iowa, 140, 2 N. W. 1037, was a mandamus to compel the board of supervisors of Clay county to refund certain alleged illegal taxes. The defendants pleaded the statute of limitations. The action was commenced shortly more than five years after the tax was paid but only a few days after demand for repayment. The only question in the case was when the statute began to run (page 141 of 52 Iowa, 2 N. W. 1037); that is, from the date of payment of the tax or from the date of demand for repayment. The trial court held the date of demand governed and as that was within five years the action was not barred. The Supreme Court held the date of payment governed. The sole mention of the applicable limitation period (three or five years) occurs at the close of the opinion as follows: "The statute of limitations began to run when the payment of illegal taxes was made, June 20, 1873, and this action is therefore barred. See section 2529, subd. 3." Page 142 of 52 Iowa, 2 N. W. 1037, 1039. Section 2529, subd. 3, is the present (Code 1924) section 11007, par. 4, which is the three-year period.

Other Iowa cases pertinent are as follows: Sioux City & St. Paul Ry. Co. v. County of O'Brien et al., 118 Iowa, 582, 92 N. W. 857, was against the county, the county auditor, and others to recover taxes mistakenly paid. The crucial issue was when the statute began to run—that is, from the date of a redemption from tax sale or from discovery of the mistake in payment—the former being slightly more and the latter slightly less than five years. Without issue or comment as to which statute governed, the court applied the five-year period.

Eyerly v. Supervisors of Jasper County, 77 Iowa, 470, 42 N. W. 374, was for refund where the issue was when the statute began to run. The three-year period was applied

with no issue as to which period was applicable.

Scott v. County of Chickasaw, 53 Iowa, 47, 3 N. W. 820, was for refund where the five-year period was pleaded as a bar. In the opinion (page 50 of 53 Iowa, 3 N. W. 820, 823) the court said: "We have held that an action to recover of a county, for taxes paid upon lands which were exempt from taxation, is barred in five years after the date of payment. Callanan v. County of Madison, 45 Iowa, 561. The case before us, as to the taxes under consideration, falls within the rule, and is upon all-fours with the case cited. The correctness of our decisions in that case is questioned by plaintiff's counsel. We discover no reason for doubting it, and are still well satisfied with it. The rule of the decision must be regarded as the settled doctrine of this court."

Long v. Smith, 67 Iowa, 22, 24 N. W. 574, 575, announces the five-year period as applicable to taxes irregularly illegal.

Commercial Nat. Bank of Council Bluffs v. Board of Supervisors, 168 Iowa, 501, 150 N. W. 704, Ann. Cas. 1916C, 227, involved refund of tax illegally assessed against shareholders of national bank. No issue of limitations was involved, but the suit was filed more than three but less than five years after payment of tax.

■■ Consideration of the above cases, relating to actions for tax refunds, shows the following: Where the county was the sole defendant, the five-year period has been applied (Scott v. County of Chickasaw, 53 Iowa, 47, 3 N. W. 820; Callanan v. County of Madison, 45 Iowa, 561); where the action was against the county officials alone, both the three-year (Eyerly v. Supervisors of Jasper County, 77 Iowa, 470, 42 N. W. 374) and the five-year [Murphy v. Board of Supervisors, 205 Iowa, 256, 215 N. W. 744; Iowa Nat. Bank v. Stewart, 214 Iowa, 1229, 232 N. W. 415, 446 (minority opinion); Munn v. Des Moines Nat. Bank, 18 F.(2d) 269 (C. C. A. 8)] have been applied; where both the county and county officials have been defendants, both the three-year (Beecher v. County of Clay, et al., 52 Iowa, 140, 2 N. W. 1037) and the five-year (Sioux City & St. Paul Ry. Co. v. County of O'Brien et al., 118 Iowa, 582, 92 N. W. 857) have been applied. This apparent confusion is doubtless caused by the fact that in no one of these cases was the direct issue of the three or five year period presented. In this uncertainty in the state decisions we are unable to determine what rule, if any, is to be deduced from them. In this situation, it is our duty to determine the matter unaided by state decisions (Concordia Ins. Co. v. School District, 282 U. S. 545, 552, 553, 51 S. Ct. 275, 75 L. Ed. 528; Edward Hines Trustees v. Martin, 268 U. S. 458, 463, 45 S. Ct. 543, 69 L. Ed. 1050). Thus faced, we think the five-year period should govern for several reasons. The first reason is that it seems just because this action is, in essence, against the county, and the Iowa decisions clearly announce the five-year period where the action is against the county alone. Here the money sought to be refunded was collected by the county, which received and retains it as its own to be devoted to such purposes as tax moneys may be used by it. It is not segregated nor held in any representative or special capacity. It can be returned only from the general county treasury. The only purpose in making county officials parties defendant is because a county can act only through its officials (Baker v. Johnson County, 33 Iowa, 151, 153), and these particular defendants are the officials empowered to act in tax refunds. The individuality of the official is immaterial—these defendants may be and probably are the successors in office of those who held at the time of these alleged unlawful assessments and collections. To bar this action as to the officials who are empowered to right this alleged wrong and not as to the county would create an anomalous and impossible situation.

Another reason is that, where substantial doubt exists as to which of two limitation statutes is applicable, the longer period will be applied. Payne v. Ostrus, 50 F.(2d) 1039, 1042, 77 A. L. R. 531 (C. C. A. 8); Hughes v. Reed, 46 F.(2d) 435, 440 (C. C. A. 10).

A third reason is that this court (although the matter was not contested) has applied the five-year period [Munn v. Des Moines Nat. Bank (C. C. A.) 18 F.(2d) 269, 276], as has, also, the Supreme Court of Iowa, where there was no contest, in the latest case involving both a county and county officials as joint defendants (Sioux City & St. Paul Ry. Co. v. County of O'Brien et al., 118 Iowa, 582, 92 N. W. 857). The opinion of the minority in Iowa Nat. Bank v. Stewart, 214 Iowa, 1229, 232 N. W. 445, 446, is likewise persuasive.

■■ There remains the really most important issue as to whether this action is premature because the bank did not avail itself of the administrative remedy of a protest to the board of review which is empowered to rectify, within limits, improper assessments. The general rule that adequate administrative

remedies must be exhausted before resort can be had to the courts is established. Gilchrist v. Interborough Co., 279 U. S. 159, 208, 49 S. Ct. 282, 73 L. Ed. 652; First Nat. Bank v. Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784. There are three decisions of this court dealing with the application of this rule to the general situation presented in this case. In the Munn Case (C. C. A.) 18 F.(2d) 269, the administrative remedy was held inadequate under the facts there present. In Nelson v. First Nat. Bank 'of Sioux City, 42 F. .(2d) 30, this court distinguished the Munn Case as being an instance where the administrative remedy was inadequate under the facts of that case and not as announcing generally that the administrative remedy was inadequate. We said also that this administrative remedy "would appear to be adequate unless there are peculiar facts showing its inadequacy." Page 31 of 42 F.(2d). After the Nelson decision, two similar cases (Iowa-Des Moines Nat. Bank v. Bennett and Central State Bank v. Bennett, 284 U. S. 239, 52 S. Ct. 133, 76 L. Ed. 265) went, by certiorari, to the Supreme Court from the Supreme Court of Iowa. Shortly after the decision in the Bennett Case, this court determined Knowles v. First Nat. Bank of Shenandoah, 58 F.(2d) 232. The Knowles Case involved the same issue of administrative remedy here in question. That issue was determined in favor of the bank because we thought the Bennett Case was directly controlling and that thereunder the matter of administrative remedy did not govern. The *result* reached in the Knowles Case is approved, and we approve also the conclusion therein that the Bennett Case governs therein. However, we are convinced that a misunderstanding of the Bennett Case caused us, in the Knowles Case, to base that decision upon the wrong part of the Bennett Case. The Bennett Case involved discriminations as to two characters of competing taxpayers (Iowa Nat. Bank v. Stewart, 214 Iowa, 1229, 232 N. W. 445, 449). The first was as to domestic corporations (Bennett Case, page 241 of 284 U. S., 52 S. Ct. 133, 134); the second was as to individuals and foreign corporations (page 242, of 284 U. S., 52 S. Ct. 133, 134, footnote 2). As to the first, the discrimination arose from the act of the *auditor* changing on the tax books the assessments against competing *domestic* corporations to a classification as "moneys and credits" (taking a lower rate) while the bank stocks were left classified as "corporate stock" (taking a higher rate), although the assessor's books delivered to the auditor had classified both such domestic corporations and the bank stocks as "corporate stock." In the case of the *individuals and foreign* corporations, the *assessor* had caused the discrimination by classifying such as "moneys and credits." Under the state taxing statutes, the powers of the board of review are exercised on the assessment lists after they are delivered by the assessors but before they are passed to the auditors. Code Iowa 1927, §§ 7122, 7123, 7137. As to the *domestic* corporation competition, the Supreme Court of Iowa held that the act of the *auditor* in changing or extending the wrongful classification and of the treasurer in making collections thereon were without authority and not the acts of the state within the meaning of the Fourteenth Amendment and of section 5219, R. S. of the United States (12 USCA § 548). As to the *individual and the foreign* corporation competition, that court held the administrative remedy of protest to the board of review had not been exhausted. The decision of the Supreme Court of the United States in the Bennett Case determined only the issue presented by the *domestic* corporation competition, where the discrimination was due to the act of the *auditor* and "concerned the effect of unauthorized action by state officers (Could such action be attributed to the State?) and the proper remedy." Union Bank & Trust Co. v. Phelps, 288 U. S. 181, 53 S. Ct. 321, 322, 77 L. Ed. 687. As this was sufficient to determine the cases, the Supreme Court did not consider the issue of administrative remedy involved in the discrimination as to *individual and foreign* corporation competition. Bennett Case, page 242, of 284 U. S., 52 S. Ct. 133, 134, note 2. In the Knowles Case, the discrimination was occasioned by the *auditor;* hence the Bennett Case was governing authority because it had directly determined that matter. Our error in the Knowles Case was therefore not in the result, but in the reason therefor (stated in the last paragraph of the opinion) which was not there applicable. Thus corrected, the Knowles Case is no authority for the proposition that it affects the rule, stated in the Nelson and Munn Cases, that the administrative remedy of protest to the board of review is adequate and a prerequisite to *judicial relief* unless the facts of the particular case show, as to it, inadequacy.

In this case, the discrimination was by the *assessor*. He classified these bank stocks as "corporate stocks" (or "moneyed capital") and the competitive taxpayers as "moneys and credits." This action could have been corrected by the board of review upon protest by appellant. It made no such protest. It seeks to

avoid the rule of the Nelson Case and bring itself within the Munn Case by pleading facts intended to show that this remedy by protest to the board was, because of the facts pleaded, not adequate as to it. This pleading, after stating no protest was made to any board, is as follows: "And the plaintiff alleges the fact to be that the interval between the time of the completion of the attempted assessment by the City Assessor of Denison, Iowa, and the filing of his rolls and the time of the meeting of the Board of Review to hear objections was so short that it was physically impossible for the shareholders of the Crawford County State Bank to discover that there was an intentional and systematic assessment by the Assessor of substantially all other moneyed capital except bank shares as moneys and credits, and to present the evidence thereof to the Board of Review and the right to appeal to said Board of Review under such circumstances, not only failed to give the shareholders of the Crawford County State Bank opportunity for adequate relief but it failed to give them opportunity for any relief whatever."

In the original petition there was no mention of failure to protest to the board of review nor of any excuse for such failure. To that petition, a motion for "particular statement" and aimed at this omission was sustained. A first amended petition was then filed which contained part of the above quotation. Another motion was filed against the amended petition aiming at the same subject-matter and sustained and time given to plead over. The final result is an "Amended and Substituted Petition" incorporating the matter above. The motion to dismiss (which was sustained and resulted in the decree appealed from) attacks the sufficiency of the above statement as showing any legal excuse for not pursuing the administrative remedy. We think the court properly held the statement insufficient. The statement amounts to saying there was not sufficient time to ascertain the facts and procure the evidence thereof to present to the board. Such statement is a conclusion. Whether there was such sufficient time, obviously, depends upon the combined effect to be given to or drawn from a set of facts—such as the length of time, the knowledge of appellant as to the various facts entering into the discrimination, the date such knowledge was acquired, the period within which it could have acted, the circumstances surrounding presentation of its evidence to the board, and possibly many others. The pleading should have set forth facts which,

if true, would lead to the conclusion pleaded. This was a jurisdictional matter. The existence of jurisdiction must be clearly shown on the face of the petition. Smith v. McCullough, 270 U. S. 456, 459, 46 S. Ct. 338, 70 L. Ed. 682; Oxley Stave Co. v. Butler County, 166 U. S. 648, 655, 17 S. Ct. 709, 41 L. Ed. 1149; Story v. Black, 119 U. S. 235, 237, 7 S. Ct. 176, 30 L. Ed. 341. It cannot be stated as a conclusion, clearly based on facts which may or may not be true and which subsequent proof may show to be unfounded and the court without jurisdiction. Thomas v. Board of Trustees, 195 U. S. 207, 210, 25 S. Ct. 24, 49 L. Ed. 160; Fishback v. Western Union Teleg. Co., 161 U. S. 96, 100, 16 S. Ct. 506, 40 L. Ed. 630.

Since this pleading fails, on its face, to show facts revealing that the administrative remedy is, as to this appellant and controversy, inadequate, and since it clearly appears that the remedy existed and was not availed of, the amended and substituted petition was properly dismissed [First Nat. Bank of Greeley v. Board of Commissioners of Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784; Nelson v. Security Nat. Bank of Sioux City, 42 F.(2d) 30 (C. C. A. 8)], and the decree below should be and is affirmed.

While some issues not involved in this case are presented in the companion cases, Nos. 9549 and 9550, they need not be examined, since the above defect is also present in the petitions in those cases and is sufficient to dispose of the appeals in all three of these cases.

The decree in each of them is affirmed.