284 F.2d 797
 BRUSH BERYLLIUM COMPANY, Appellant,
v.
Marinthia MECKLEY, Appellee.
 No. 14128.
 United States Court of Appeals Sixth Circuit.
 December 6, 1960.
 
 Clinton M. Horn, Cleveland, Ohio (Arter, Hadden, Wykoff & Van Duzer, C. M. Horn, Cleveland, Ohio, and Jones, Day, Cockley & Reavis, Cleveland, Ohio, on the brief), for appellant.
 Elmer I. Schwartz, Cleveland, Ohio (Metzenbaum & Schwartz, Elmer I. Schwartz, Robert B. Krupansky, Cleveland, Ohio, on the brief), for appellee.
 Before MARTIN, CECIL and O'SULLIVAN, Circuit Judges.
 MARTIN, Circuit Judge.
 
 
 1
 This is an appeal by the defendant from an order of the United States District Court denying defendant's motion for summary judgment, but allowing immediate appeal for the reason that there is substantial ground for a difference of opinion on a controlling question of law, it being considered by the district judge that an immediate appeal from the order might materially advance the ultimate determination of the case.
 
 
 2
 The crucial issue is whether or not the two-year Ohio statute of limitations [Section 2305.10, Rev.Code of Ohio] bars an action for damages caused by berylliosis, a disease of slowly insidious development in the respiratory tract.
 
 
 3
 The complaint of the appellee, filed on April 29, 1959, alleges that between the years 1941 and 1949 the appellant carelessly and negligently expelled into the atmosphere about its plant in Lorain, Ohio, dust, particles, powders and gases in such quantities that the air for many miles around its plant became contaminated, polluted and injurious to those who had to breathe it. The complaint avers that, during such period, the plaintiff was exposed to the noxious, toxic and corrosive particles, dust, powders and gases emanating from the plant of appellant, thereby causing the insidious development of berylliosis in plaintiff; but that the disease did not manifest itself, was not diagnosed as such, nor did it become known to appellee until March of 1958.
 
 
 4
 Appellee complains further that she suffered extreme pain and that the disease is permanent. Wherefore, she sues for $75,000.
 
 
 5
 The Brush Beryllium Company filed a motion for summary judgment on the ground that the action, being one for bodily injury, was not brought within two years after the alleged cause of action arose. The motion averred that under the governing law of Ohio the two-year statute of limitation for bodily injury begins to run at the time when the injury was inflicted, even though the fact of injury remains unknown to the person injured.
 
 
 6
 The motion for summary judgment filed by appellant pointed out that the limitation of action under the law of Ohio was applied to the disease of berylliosis, as is evidenced by Ohio decisions in Irene Wilkins v. Brush Beryllium Company, involving this same defendant. No. 704946, Common Pleas Court of Cuyahoga County (no opinion), affirmed without opinion by the Court of Appeals of Cuyahoga County in Cause No. 24693. The plaintiff there (Irene Wilkins) averred that her motion to certify to the Supreme Court of Ohio was overruled by that court in Cause No. 35976.
 
 
 7
 The appellant in this case attached to its motion for summary judgment the relevant pleadings, journal entries and briefs filed or entered in the Wilkins case, certified according to Section 1738, Title 28, U.S.C.A. From these documents, it appears that the Wilkins case, in which the action was barred by the statute of limitations of Ohio, is not distinguishable from the case at bar.
 
 
 8
 But, because of the so-called Ohio "syllabus rule," we are not bound to accept the Wilkins case as controlling law. In State ex rel. Canada v. Phillips, 168 Ohio St. 191, 200, 151 N.E.2d 722, 724 (decided in 1958), the sixth syllabus declares: "Only what is stated in a syllabus or in an opinion per curiam or by the court represents a pronouncement of law by this court" — that is, the Supreme Court of Ohio. This is but a renewed expression of the long-existing Ohio syllabus rule. For pronouncement that the syllabus of a case is the only accurate and authoritative statement of law laid down by the Ohio Supreme Court, see State ex rel. Donahey v. Edmondson, 89 Ohio St. 93, 105 N.E. 269, 52 L.R.A.,N.S., 305; State v. Hauser, 101 Ohio St. 404, 131 N.E. 66; Hart v. Andrews, 103 Ohio St. 218, 132 N.E. 846. See also, Merrick v. Ditzler, 91 Ohio St. 256, 110 N.E. 493; Honhorst v. Honhorst, 95 Ohio St. 408, 116 N.E. 1085.
 
 
 9
 We shall now consider the published opinions of the Supreme Court of Ohio cited by the appellant.
 
 
 10
 The headnote in DeLong v. Campbell, 157 Ohio St. 22, 104 N.E.2d 177, is as follows: "As to a cause of action for malpractice by a physician, the statute of limitations begins to run at the latest upon the termination of the physician-patient relationship whether, within the time limited by the statute, the act constituting malpractice is known or unknown by the one upon whom it was committed."
 
 
 11
 It should be noted that, in the opinion in the DeLong case, Judge Stewart pointed out that the plaintiff's right of action accrued at the time she could bring an action against the doctor, which was when he negligently left a sponge within the wound caused by the operation.
 
 
 12
 In the case at bar, the cause of action did not arise for many years after the plaintiff had been long subjected to the noxious gases. She could not have brought an action, because the disease of berylliosis did not develop until after more than two years had expired following the time when she was last subjected to the deleterious fumes.
 
 
 13
 An earlier Ohio case, Gillette v. Tucker, 67 Ohio St. 106, 65 N.E. 865, decided by an equally divided court, was also a malpractice case in which the surgeon sewed up a sponge within the patient's abdominal cavity; and the issue was whether the limitation statute ran from the time the surgeon negligently left the sponge, or from the termination of his professional relationship with the patient. At page 132 of 67 Ohio St., at page 872 of 65 N.E. of the opinion upholding the bar, the writer of the affirming opinion quoted from Wood on Limitations, as follows: "* * * [W]hen the act is not legally injurious until certain consequences occur [Italics supplied], the time commences to run from the consequential damage, whether the party injured is ignorant of the circumstances from which the injury results or not."
 
 
 14
 In Bowers v. Santee, 99 Ohio St. 361, 124 N.E. 238, it was held that the relationship of surgeon and patient arises out of contract, express or implied; and that the statute of limitations does not begin to run against the doctor breaching the contract until the contract relationship is terminated. The Supreme Court of Ohio held that the two-year statute of limitation on an action for damages for personal injuries applies whether such action is for breach of contract or strictly in tort. Accordingly, we think the argument of appellee, that malpractice cases are not applicable because they are limited to ex contractu relationship of doctor and patient and do not extend to actions ex delicto, is not well grounded in authority or in reason. But we think that the malpractice cases urged by appellant as determinative do not sustain its position, because of the obvious difference between a definite traumatic injury, such as negligently leaving a sponge or other foreign substance in a patient's body, and a slowly developing insidious disease, such as silicosis or berylliosis, resultant from the breathing of noxious fumes.
 
 
 15
 Appellant cites two additional cases to the effect that the ignorance of a plaintiff as to his rights does not affect the running of the statute against him. State v. Standard Oil Company, 49 Ohio St. 137, 30 N.E. 279, 15 L.R.A. 145; Townsend v. Eichelberger, 51 Ohio St. 213, 38 N.E. 207. The point here, however, is not a mere absence of his rights upon the part of the plaintiff, but the presence of a situation where the rights of the plaintiff had not accrued until after the expiration of the statutory period for personal injury actions.
 
 
 16
 Accepting with full faith and credit the doctrine of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and West v. American Tel. & Tel. Company, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, we find no applicable Ohio law to govern decision of the issue in this case. Where a federal court is unable to determine what rule is to be deduced from state decisions in regard to the application of a statute of limitations to the circumstances involved, the federal court must determine the matter unaided by state decision. Crawford County Trust & Savings Bank v. Crawford County, 8 Cir., 66 F.2d 971; Reid v. Doubleday and Company, D.C.N.D.Ohio, 109 F.Supp. 354, 363.
 
 
 17
 Therefore, upon the highest authority, we consider that the two-year statute of limitations does not apply to the situation in this case. In Urie v. Thompson, 337 U.S. 163, 168-171, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282, the Supreme Court of the United States held that contraction of silicosis resulting from the inhalation of silica dust over a period of thirty years did not, pursuant to the three-year limitation in the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., bar the injured person's suit for compensation where he might have had the disease without knowing it for more than three years before he sued for compensation. The time elapsing between his discovery of his condition and the filing of his suit was not regarded as being in excess of the three-year limitation period prescribed in the Act. Mr. Justice Rutledge considered that, if the petitioner were barred from prosecuting his action, it must be said as a matter of law that he had contracted silicosis at a time which would make the federal legislation afford him only a "delusive remedy." The Jurist said: "It would mean that at some past moment in time, unknown and inherently unknowable even in retrospect, Urie was charged with knowledge of the slow and tragic disintegration of his lungs; under this view Urie's failure to diagnose within the applicable statute of limitations a disease whose symptoms had not yet obtruded on his consciousness would constitute waiver of his right to compensation at the ultimate day of discovery and disability. * * * We do not think the humane legislative plan intended such consequences to attach to blameless ignorance. Nor do we think those consequences can be reconciled with the traditional purposes of statutes of limitations, which conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights."
 
 
 18
 Pointing out that there was no suggestion that Urie should have known of his having silicosis at any earlier date, the Justice quoted from a California case to the effect that no specific date of contact can be charged as being the date of injury, inasmuch as the injurious consequences of exposure are the product "of a period of time rather than a point of time," in consequence of which the afflicted person can be held to be injured only when the accumulated effects of the deleterious substance manifest themselves. See also United States v. Reid, 5 Cir., 251 F.2d 691; City of Miami v. Brooks, Fla., 70 So.2d 306; Gracie v. Koppers Co., 213 Md. 107, 130 A.2d 754.
 
 
 19
 In United States v. Reid, supra, the Court of Appeals for the Fifth Circuit, 251 F.2d at page 694 of its opinion, said: "Ordinarily there is a coincidence of negligent act and the fact of some damage. Where that occurs the cause of action comes into being and the applicable statute of limitations begins to run even though the ultimate damage is unknown or unpredictable. But it is not the wrongful, i. e., negligent act, which gives rise to the claim. For there must be damage caused by it. Until there is some damage, there is no claim and certainly a statute prescribing the time in which suit must be filed (whether as a condition of right or remedy) can never operate prior to the time a suit would be permitted."
 
 
 20
 We are in accord with the foregoing expression.
 
 
 21
 The order of the district court entered on October 19, 1959, denying appellant's motion for summary judgment is affirmed; and the cause is directed to be tried upon its merits.